**Donald R. RUSSELL, Plaintiff,**

v.

**DIVISION OF CORRECTIONS, COMMONWEALTH OF VIRGINIA, Defendant.**

Civ. A. No. 75-0004.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

March 31, 1975.

James W. Hopper, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Donald Russell, an inmate at Augusta Correctional Field Unit, has brought this action under 42 U.S.C. § 1983 to redress alleged constitutional deficiencies in an adjustment committee decision which found him guilty of the institutional offense of possession of contraband and sentenced him to confinement to quarters for twenty days. This court has jurisdiction under 28 U.S.C. § 1343.

Russell asserts five grounds for relief:

(1) Denial of counsel at the hearing.

(2) Impartial adjustment committee panel.

(3) Committee's failure to give reasons for its decision and evidence relied on.

(4) Committee's failure to specify the offense charged.

(5) Insufficiency of the evidence and incompetent evidence.

■ Plaintiff's first ground for relief is without merit. The Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) held that the due process clause does not require that inmates have counsel in disciplinary hearings that result in loss of good time or solitary confinement. Consequently where lesser punishment is imposed, as in this case, counsel is also not required.

■ Plaintiff's second ground for relief is also without merit. As in *Wolff*, *supra*, this court finds "no warrant in the record presented here for concluding that the Adjustment Committee presents such a hazard or arbitrary decisionmaking that it should be held violative of due process of law." In this case, the plaintiff makes no claim of bias other than to state, ". . . the Chairman of the Adjustment Committee admitted to having interrogated Inmate Russell two days prior to the day of the alleged offense concerning another incident of alleged marijuana smoking." This statement alone can provide no inference of bias. It indicates only that a member of the Adjustment Committee was performing a proper function: investigation of the offense charged.

■ Plaintiff's third and fourth claims must also be dismissed. Plaintiff does not claim that he did not in fact know of the offense charged, that he did not know of the evidence relied on or that he was in any way prejudiced. On the contrary, his petition indicates that he knew of the charge and was completely familiar with the evidence used against him and the basis of the committee's decision.

■ Plaintiff's final ground is also without merit. This court's inquiry is limited to whether the plaintiff was afforded procedural due process in his adjustment committee hearing. Sufficiency of the evidence, competency of the evidence, and credibility of the witnesses are matters beyond its inquiry. *See* Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). Having satisfied itself that due process was not violated in the Adjustment Committee hearing, this court will not go further.

For the above reasons, this case is dismissed.

The plaintiff is advised that he may appeal this decision to the United States Court of Appeals for the Fourth Circuit by filing in this district court a notice of appeal within thirty (30) days from the date of the judgment.

The clerk is directed to send a certified copy of this opinion and judgment to plaintiff and counsel for defendants.