762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL LAKE, PLAINTIFF-APPELLANT,
v.
RUEBEN HODGE, DOROTHY GREER, DAVID H. RUSSELL, DEPARTMENT OF
CORRECTION, DEFENDANTS-APPELLEES.
 NO. 84-5310
 United States Court of Appeals, Sixth Circuit.
 4/8/85
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; ENGEL, Circuit Judge; and COHN, District Judge.*
 
 
 2
 The plaintiff appeals the judgment sua sponte dismissing his pro se prisoner's civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 During his incarceration at the West Tennessee Reception Center, a 'shank' (i.e., a homemade knife) was found in the plaintiff's cell. Although the shank was found in the mattress of the top bunk occupied by the plaintiff's cellmate, the plaintiff was charged with and found guilty by a disciplinary board of possessing a deadly weapon. The finding of guilt was upheld on administrative appeal.
 
 
 4
 In this pro se action, the plaintiff asserts the denial of due process on grounds (1) the evidence presented at the disciplinary hearing did not rise to the level of a preponderance of evidence needed for a finding of guilt under Tennessee prison regulations, and (2) a delay in rendering a decision on administrative appeal violated a Tennessee prison regulation requiring such a decision within twenty days. The district court found that neither claim stated a federal constitutional cause of action, and therefore sua sponte dismissed the action as frivolous under Sec. 1915(d). This timely appeal followed.
 
 
 5
 A district court may sua sponte dismiss a complaint as frivolous under Sec. 1915(d) 'if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). We find the district court did not err in dismissing the plaintiff's action under this standard.
 
 
 6
 While the evidence against the plaintiff was not overwhelming, there is nothing in the record to suggest it was not sufficient for a finding of guilt. The fact the cellmate later signed a note indicating he lied at the disciplinary hearing creates an issue of credibility which is beyond the scope of an action under 42 U.S.C. Sec. 1983. See Russell v. Division of Corrections, 392 F. Supp. 476 (W.D. Va.), aff'd, 530 F.2d 969 (4th Cir. 1975). The fact there was a short delay in the administrative appeals process likewise fails to state a cognizable issue under Sec. 1983. See Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D. Va. 1980). Not every deviation from state procedural rules rises to the level of a federal constitutional violation. Bills v. Henderson, 631 F.2d 1287, 1298-99 (6th Cir. 1980). We find no other appellate issues requiring discussion. Therefore,
 
 
 7
 It is ORDERED that the district court's judgment of February 21, 1984 dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation