787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN W. TIMSON, Plaintiff-Appellant,
v.
BOBBIE M. HALL, ET AL., Defendants-Appellees.
 84-3351
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: MERRITT and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 Plaintiff John Timson appeals from the district court order dismissing his complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On April 27, 1984, plaintiff filed his complaint naming various Franklin County, Ohio, officials and three insurance companies as defendants on his claim that the defendants refused to allow plaintiff to inspect and copy the 'Faithful Performance of Duty Bonds' of the various county officials. Apparently plaintiff is of the opinion that the information obtained from inspecting these bonds may enable him to institute civil enforcement proceedings on the bonds in state court. The district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed.
 
 
 3
 In any Sec. 1983 action two elements are essential: (1) the conduct complained of must be committed by a person acting under the color or state law; and (2) the conduct must deprive a person of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 257 (1981). Assuming that the allegations of appellant's complaint are true, Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983), appellant meets the first part of the Parratt requirement that the conduct complained of was committed by the county employees acting under the color of state law. However, appellant fails to meet the second requirement of Parratt--that the conduct deprived him of some federal statutory or constitutionally protected right or privilege.
 
 
 4
 Appellant appears to claim that deprivation of information that would be disclosed by inspecting the fidelity bonds has deprived him of access to the courts. Assuming without deciding that appellant did have a state statutory right to inspect these bonds, it is difficult to conclude that such a denial deprived him of access to the courts. There is no indication that any of the named defendants in any way impeded appellant in bringing a suit against the county employees thought to be violating some state statute. While the conduct of the county employees or officials may have violated state law, the connection between their conduct and appellant's apparent claim of impairment of access to the courts is simply too tenuous. See, Shaw v. Neece, 727 F.2d 947 (10th Cir.) cert. denied, ---- U.S. ----, 104 S.Ct. 2358, 80 LEd 2d 830 (1984); Patterson v. Mintzes, 717 F.2d 284 (6th Cir. 1983).
 
 
 5
 Therefore, it is concluded that the district court properly dismissed the action as frivolous since it appears that appellant could prove no set of facts which would entitle him to relief. Brooks, et al. v. Seiter, et al., No. 84-3007 (6th Cir. December 30, 1985).
 
 
 6
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. It is therefore ORDERED that the judgment of the district court be affirmed.