791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J. H. KEETON, Plaintiff-Appellant,
v.
TOM PYRDUM, SHERIFF OF LAWRENCE COUNTY; LAWRENCE COUNTY,
TENNESSEE; LAWRENCE COUNTY DISTRICT ATTORNEY; STATE OF
TENNESSEE, DEPARTMENT OF CORRECTION; HOWARD COOK, WARDEN;
AND LAWRENCE COUNTY COMMISSIONERS, Defendants-Appellees.
 85-6066
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.
 J. H. Keeton is appealing from the October 22, 1985, Order of the district court adopting the Report and Recommendation of the Magistrate and dismissing Keeton's pro se complaint. This matter is currently before the Court upon consideration of Keeton's Motion for Appointment of Counsel. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and Keeton's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 Keeton, a prisoner in the Maury County Jail in Columbia, Tennessee, brought this Sec. 1983 action against Tom Pyrdum, Sheriff of Lawrence County, the Lawrence County District Attorney and County Commissioners, the State Department of Corrections, and Warden Howard Cook, alleging that he was illegally detained for 10 months in the custody of the Department of Corrections because of an erroneous detainer lodged against him by the defendants. Keeton alleges that the detainer was the result of mistaken identity and that the case against him was dismissed by a state court judge. He sought damages for mental anguish, lost wages, and cruel and inhuman punishment. On September 17, 1985, the district court referred this matter to the Magistrate for consideration of its malicious or frivolous nature (28 U.S.C. Sec. 1915(d); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983)); and on September 25, 1985, the Magistrate filed his recommendation that the action be dismissed as frivolous. The Magistrate's report did not advise Keeton that he was required to file objections, and none were filed. However, on October 10, 1985, Keeton did send a letter to the court expressing his desire to appeal. The district court noted that Keeton's letter was filed after the Magistrate's report but before final order of the court and advised Keeton that he was required to 'refile his Notice of Appeal' within thirty days. Keeton timely filed his notice of appeal on November 19, 1985.
 A preliminary issue to be decided is whether Keeton waived his right to appeal by failing to object to the Magistrate's Report. United States v. Walters, 638 F.2d 947 (6th Cir. 1981). In Thomas v. Arn, ---- U.S. ----, 106 S.Ct. 466 (1985), the Supreme Court upheld the requirement to file objections where the parties were given clear notice of the consequences of their failure to object. The Court emphasized, however, that this waiver rule is not jurisdictional in that the procedural default may be excused by this Court in the interests of justice. 106 S.Ct. at 475. Because the Magistrate's report did not notify Keeton of the requirement to object, his failure to do so should not operate as a waiver in this case. Although the district court treated Keeton's letter as a notice of appeal, it may be construed as objections to the report since he did express his displeasure that his case had been dismissed as being frivolous. In any event, the district court conducted a de novo review of the entire file before issuing its judgment. The interests of justice would not be furthered by applying the waiver rule to this pro se litigant.
 
 
 1
 A second preliminary issue is whether the district court's sua sponte dismissal of this in forma pauperis complaint satisfies the requirements of this Court's recent decision in Harris v. Johnson, et al., ---- F.2d ---- (6th Cir.), Slip Op. No. 84-1459 (February 24, 1986). As stated above, the district court referred this case to the Magistrate for consideration of its malicious or frivolous nature pursuant to 28 U.S.C. Sec. 1915(d). The Magistrate's report explicitly noted that the case had been referred for a determination under that provision and found Keeton's complaint to be frivolous. Although the district court's judgment does not specifically state that the dismissal is ordered pursuant to 28 U.S.C. Sec. 1915(d), it is clear from the record that the complaint was dismissed on that ground. Therefore, it does comport with Harris, supra.
 
 
 2
 As to the merits of this case, the district court construed Keeton's claim that he was held pursuant to an erroneous detainer as constituting a claim of negligent deprivation of a liberty interest by state employees which was governed by the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981). The Court found that the cause of action for negligence provided by the State of Tennessee is a sufficient post-deprivation remedy to provide Keeton the process that was due under the Parratt doctrine. While the district court's ruling was a correct statement of the law at the time, the Supreme Court has recently held that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. Daniel v. Williams, ---- U.S. ----, 54 U.S.L.W. 4090 (1/21/86); Davidson v. Cannon, et al., ---- U.S. ----, 54 U.S.L.W. 4095 (1/21/86). It is fortunate for Keeton that the State of Tennessee does provide a possible remedy for the alleged negligence of the Lawrence County officials because 'where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.' Davidson, supra, at 4095.
 
 
 3
 Accordingly, the motion for appointment of counsel is denied, and the judgment of the district court is hereby affirmed. Rule 9(d)(2), Sixth Circuit Rules.