795 F.2d 85
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GUY TEMPLETON BLACK; QUEST, INC., Plaintiff-Appellant
v.
CLEVELAND METROPOLITAN GENERAL HOSPITAL; HENRY E. MANNING,
PRESIDENT; DR. ROBERT WHITE; RENE BARRAT, ACSW; STAFF
BUILDER HEALTH CARE SERVICES; JEAN ADAMCIK; HARRY J.
SULZER; ROBERT B. SULZER; DEBROAH SULZER ALBARINO; CITY
OF CLEVELAND; GEORGE VOINOVICH, MAYOR, CITY OF CLEVELAND;
MR. MEDVEN, REFEREE; PATRICK J. QUINN, ATTORNEY; DR. M.J.
LIKAVEC; U.S. JUSTICE DEPT; FEDERAL BUREAU OF
INVESTIGATION, MR. WEBSTER, DIRECTOR; INTERNAL REVENUE
SERVICE, ROSCOE L. EGGER, DIRECTOR; U.S. SECRET SERVICE,
JOHN R. SIMPSON, DIRECTOR: JOHN DOES 1-99, Defendants-Appellees.
 No. 85-3980.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1986.
 
 1
 BEFORE: KENNEDY and MILBURN, Circuit Judges; JOINER, Senior District Judge*
 
 ORDER
 
 2
 This matter is before the Court for consideration of the appellant's motion for appointment of counsel. The appellant also filed a motion to proceed in forma pauperis on appeal which is superfluous since the appellant was granted in forma pauperis status on appeal by the district court. Federal Rule of Appellate Procedure 24(a). The appellant is appealing the denial of his motion for leave to proceed in forma pauperis in the district court. He has filed an informal brief. Upon examination of the brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant originally filed a motion for leave to proceed in forma pauperis on November 15, 1984. The district court denied the application on January 7, 1985, because the appellant did not provide enough information as to his financial status. On January 15, 1985, the appellant again applied for in forma pauperis status. The district court denied the motion on October 7, 1985, pursuant to 28 U.S.C. Sec. 1915(d), found the action to be frivolous, and entered judgment on October 21, 1985, dismissing the case. A notice of appeal was filed on November 20, 1985. The appellant also filed a motion for reconsideration on December 30, 1985, which is a nullity since the notice of appeal had already been filed.
 
 
 4
 This case involves alleged conspiracies against the appellant and his mother in regard to hearings pertaining to a guardianship of his mother, as well as alleged antitrust violations and conspiracies against Quest, Inc., an educational and religious not-for-profit corporation. The complaint invokes the jurisdiction of the court pursuant to 42 U.S.C. Secs. 1981, 1983, the Sherman Antitrust Act, 15 U.S.C. Sec. 1 et seq., slander, malpractice, the 14th Amendment and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961 et seq.
 
 
 5
 In an in forma pauperis proceeding, the district court may dismiss the complaint if satisfied that the action is frivolous or malicious. Brooks v. Seiter, 779 F.2d 1177 (6th Cir. 1985); 28 U.S.C. Sec. 1915(d). Pro se complaints must be liberally construed and the allegations accepted as true in reviewing a sua sponte dismissal. See Haines v. Kerner, 404 U.S. 519 (1972); Brooks v. Seiter, at 1179-80. However, "[d]ismissal of a pro se complaint is appropriate when it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983), quoting, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, it appears that even if the appellant's case stated a cause of action, relief would be appropriate in the state courts. Parratt v. Taylor, 451 U.S. 527 (1981). Upon consideration of the complaint, we agree with the district court conclusion that this action is frivolous.
 
 
 6
 Harris v. Johnson, No. 84-1459 (6th Cir., filed February 24, 1986) requires the district court to explicitly state that 28 U.S.C. Sec. 1915(d) is being invoked and that the complaint is being dismissed as frivolous. Slip op. at 3. The court's October 7, 1985, order dismissed the action as frivolous. Thus the Harris requirements are fulfilled.
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(2).
 
 
 8
 It is further ORDERED that the motion for appointment of counsel and the motion to proceed in forma pauperis on appeal are denied.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation