793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDDIE VAUGHN, Plaintiff-Appellant,
v.
SGT. LOONEY, POLICE OFFICER; JOHN DOE, UNKNOWN POLICE
OFFICER; ROBERT E. PREASE, CHIEF OF POLICE, AKRON POLICE
DEPARTMENT; RONALD MOE, UNKNOWN POLICE OFFICER; RAY KAPPER,
PRESIDENT OF CITY COUNCIL, Defendant-Appellees.
 86-3082
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: ENGEL, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of appellant's motions for appointment of counsel and to proceed in forma pauperis on appeal from the district court order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is currently incarcerated pursuant to convictions for aggravated arson and murder. In his Sec. 1983 complaint, appellant alleges that these convictions resulted from the negligence of the appellees, police officers and officials, by their failure to arrest him for intoxication. He reasons that if the police officers had performed their duty and arrested him when he accosted them for the purpose of having them arrest him, he would not have been able to burn the residence in which one of the occupants died and the convictions for those crimes would not have resulted. The district court concluded that appellant failed to sufficiently allege a constitutional deprivation and dismissed the action.
 
 
 3
 To establish a Sec. 1983 claim, a litigant must have been deprived of some right secured by the constitution or laws of the United States, and the defendants must have been acting under color of state law. Parratt v. Taylor, 451 U.S. 527 (1981). Assuming that appellant's allegations are true, Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983), the second prerequisite of the Parratt test is met--the defendants are police officials who may be said to have been acting under color of state law. However, it is difficult to envision how their alleged actions, if proven true, deprived appellant of any constitutional right. It is concluded that the district court properly dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 It appears that the questions on which this cause depends are without merit so as to not require further argument. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 5
 Therefore, it is ORDERED that the motion for appointment of counsel is denied, the motion to proceed IFP is granted and the final order of the district court is affirmed.