815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jaki MAHAMMAD, Plaintiff-Appellant,
v.
Sheriff Truman JONES; Rutherford County; Robert
Vandervort; Guy Dotson; Jenesse Snell; Judge James
Buckner; Judge Steve Daniels; Peggy Harrison, Rutherford
County Commission; Clyde Robinson; Eddie Bowman; and Bill
Seegler, Defendants-Appellees.
 No. 86-5739.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Jaki Mahammad has also moved for the appointment of counsel. Upon an examination of the record and the briefs, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Jaki Mahammad, an inmate at the Fort Pillow State Prison in Tennessee, filed an action under 42 U.S.C. Sec. 1983 in the Eastern District of Tennessee. In support of his demand for both injunctive relief and money damages, he maintained that his civil rights had been violated during the time he was in the Rutherford County, Tennessee jail pending trial for armed robbery. The district court, relying upon a report and recommendation of its magistrate, ordered the dismissal of the majority of appellant's claims for reasons of either judicial immunity or frivolity pursuant to 28 U.S.C. Sec. 1915(d). Conversely, the district court concluded that appellant had presented cognizable claims for an alleged assault against him, the denial of his request for a pork-free diet, and the failure to provide appropriate dental care, and therefore ordered the holding of further proceedings aimed at the adjudication of those questions. On the basis of additional information provided by Rutherford County authorities, the district court again referred the case to a magistrate. After an evidentiary hearing, at which all parties were permitted to present evidence, the magistrate determined that appellant's claims were frivolous. The district court concurred in that conclusion on June 3, 1986, ordered the dismissal of appellant's remaining claims and the assessment of costs, including reasonable attorneys fees, against him. Appellant thereafter brought this appeal.
 
 
 3
 The standard for determining the propriety of the dismissal of an action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) is identical to that employed in evaluating the merits of a motion under Fed.R.Civ.Pro. 12(b)(6). A court, acting sua sponte may dismiss an action filed in forma pauperis as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir.1985) (citing Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983)).
 
 
 4
 Our examination of the record as a whole has led us to determine that the complaint was in fact frivolous. Spruytte, 753 F.2d at 500. Here, Mahammad has had two opportunities to establish the basis for his claims before a magistrate and the district court has twice considered them. We find no error in the district court's decision.
 
 
 5
 We do not address the district court's dismissal of the other claims raised by appellant in his initial complaint. Appellant failed to file timely objections as detailed by the magistrate, thereby waiving his right to appellate review of the district court's order of June 14, 1985, which adopted the recommendations contained in the magistrate's report. Thomas v. Arn, --- U.S. ----, 106 S.Ct. 466 (1985).
 
 
 6
 The judgment of the district court is affirmed.