829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph E. BIRRELL, Plaintiff-Appellant,
v.
Robert BROWN, Director Michigan Department of Corrections,
et al., Defendants-Appellees.
 No. 87-1231
 United States Court of Appeals, Sixth Circuit.
 September 18, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a hearing panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff brought a civil rights action under 42 U.S.C. Sec. 1983 against the members of the Michigan Parole Board and others, alleging that they had failed to comply with his repeated requests for tape recordings of his parole revocation hearing. The record indicates that plaintiff, who was serving his fourth prison term, had been released on parole on or about August 1, 1985. He was returned to custody on September 12, 1985, for a parole violation that led to federal charges being filed against him. There was a parole violation hearing on October 28, 1985, at which plaintiff was represented by an attorney. The parole board concluded that plaintiff was a danger to the public safety, and the board approved plaintiff's return to custody.
 
 
 3
 Early in 1986 plaintiff sent the parole board a series of requests, under the Michigan Freedom of Information Act, for a transcript or tape of his parole revocation hearing. A Department of Corrections Analyst advised plaintiff that the tapes had been sent him on February 26, 1986, but plaintiff insists, in his complaint, that he never received the tapes.
 
 
 4
 The complaint alleges that plaintiff needed the tapes to explore the possibility of seeking a writ of habeas corpus, a writ of mandamus, or judicial review of the parole revocation. Plaintiff contends that Michigan Compiled Laws Sec. 791.240a, which provides for a fact-finding hearing when certain paroled prisoners are returned to custody, is unconstitutional because it creates an exception for persons whose parole violation consists of 'the conviction for a felony or misdemeanor punishable by imprisonment.' Plaintiff maintains that 'Technical Violators receive a full hearing while those convicted of another crime, are in effect, automatically violated without even a chance to present mitigating circumstances.'
 
 
 5
 Plaintiff was convicted on the pending charges subsequent to his parole revocation hearing, and he concedes, in the final paragraph of his statement of claims, that 'any litigation on the revocation hearing is now moot.'
 
 
 6
 As stated in the in forma pauperis application accompanying plaintiff's Sec. 1983 complaint, the complaint makes three claims:
 
 
 7
 '1. Denial of Access to the Courts
 
 
 8
 2. Denial of documents and records under the U.S. and Michigan Freedon [sic] of Information Act.
 
 
 9
 3. Denial of Due Process by using unconstitutional statue [sic] and procedures.'
 
 
 10
 The district court granted plaintiff in forma pauperis status and dismissed the complaint under 28 U.S.C. Sec. 1915(d), concluding that the complaint was frivolous because 'it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Malone v. Colyer, 710 F.2d 258, 261-61 (6th Cir. 1983), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 11
 We agree with the district court's conclusion.
 
 
 12
 As to plaintiff's claim of denial of access to the courts (see Bounds v. Smith, 340 U.S. 817 (1977)), plaintiff admits that he was convicted on criminal charges arising out of the conduct that led to revocation of his parole, and this mooted any claim that he ought not to have been returned to custody. He had access to the courts on the new criminal charges, and access to the courts on the parole revocation question would have been unavailing in light of the new convictions.
 
 
 13
 As to the alleged violations of the state and federal Freedom of Information Act, the federal statute applies only to federal agencies, see St. Michael's Convalescent Hospital v. California, 643 F.2d 1369 (9th Cir. 1981), and we have no reason to believe that the State of Michigan does not provide a suitable post-deprivation remedy for violation of the state statute. As the district court properly observed, 'Plaintiff's remedy lies with the state circuit courts in an action to enforce his request, not with the federal courts through a Sec. 1983 action.' See Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 14
 As to the claim that M.C.L. Sec. 791.240a is unconstitutional, plaintiff had no standing to challenge the statutory exception for prisoners returned to parole for 'conviction for a felony or misdemeanor punishable by imprisonment;' plaintiff had not been convicted on the charges arising out of his September 12, 1985 conduct at the time he was returned to custody, and the statutory exception did not apply to him.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED. Rule 9(b)(5), Rules of the Sixth Circuit.