Eugene MALONE, Plaintiff-Appellant,

v.

Gail COLYER, Sheriff of Greene County, Defendant-Appellee.

No. 82–5472.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs March 29, 1983.

Decided June 22, 1983.

Eugene Malone, pro se.

N.R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, Tenn., for defendant-appellee.

Before KEITH and MARTIN, Circuit Judges, and PORTER,* Senior District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

This case requires us to determine the meaning of "frivolous" as used in 28 U.S.C. § 1915(d) and whether the district court properly dismissed the plaintiff's suit as frivolous pursuant to that section. Eugene

Malone, a *pro se* complainant, sued the Greene County, Tennessee Board of Commissioners and Greene County Sheriff Gail Colyer under 42 U.S.C. § 1983 seeking injunctive and monetary relief. Malone alleged that the defendants violated his constitutional rights during his two month pretrial confinement by failing to maintain the jail in a safe, sanitary, and healthful manner, failing to provide him access to a law library or legal assistance, and failing to attend to his serious medical needs. The lower court dismissed the case against the Board of Commissioners for failure to state a claim. In response to Malone's Motion for Appointment of Counsel, the court determined that his case against Colyer was frivolous within the meaning of 28 U.S.C. § 1915(d) and dismissed it. Malone appeals from the dismissal of Colyer pursuant to section 1915(d).

From December 18, 1980 to February, 1981 Eugene Malone awaited trial in a twelve foot by twenty-four foot cell crowded with fifteen other men in the Greene County jail. The cell was rat and roach infested, its walls were encrusted with food and waste, and its paneless windows were covered with thin, torn plastic. Throughout his winter stay, Malone was never provided with sheets or blankets and the cell never contained enough mattresses for all its occupants. Sixteen men shared the two working toilets and shower in the cell. Malone was never supplied with soap, towels, toothbrushes, toothpaste, a laundry service, or other necessities to maintain personal cleanliness. Malone ate his meals prepared by other jail inmates in this same cell.

During his detention, Malone repeatedly requested access to law books and other legal materials. These requests were denied. He also sought medical attention for what he has asserted in his brief to be pneumonia. Again his requests went unheeded.

Malone filed a section 1983 suit against Sheriff Gail Colyer objecting to the condi-

*Honorable David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

tions of his confinement and the sheriff's failure to provide him legal materials and medical attention. The defendant moved for dismissal and for summary judgment. The district court, acting on the magistrate's recommendations, denied both motions. In reviewing Malone's motion for appointment of counsel, the court also evaluated the complaint for frivolousness pursuant to 28 U.S.C. § 1915(d). The court applied the "frivolous" standard enunciated in *Jones v. Bales:* An action is frivolous within the meaning of 28 U.S.C. § 1915(d) when the "plaintiff's realistic chances of ultimate success are slight." 58 F.R.D. 453, 464 (N.D.Ga.1972), *aff'd,* 480 F.2d 805 (5th Cir. 1973). In challenging the physical conditions of the jail, Malone did not allege that the sheriff intentionally inflicted the objectionable and hazardous conditions upon him as punishment. Because the district court interpreted *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), to declare unconstitutional only the intentional infliction of punishment on pretrial detainees, it concluded that Malone would be unable to demonstrate a violation of his constitutional rights under *Bell.* The court dismissed Malone's claim based on lack of access to legal materials on the ground that a Tennessee custodian has no duty under the federal constitution to provide prisoners with a law library, citing *Johnson v. Avery,* 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). The court dismissed Malone's final claim, the lack of medical attention, because Malone failed to assert that he was suffering from a severe and obvious illness. *See Fitzke v. Shappell,* 468 F.2d 1072, 1076 (6th Cir.1972).

■ 28 U.S.C. § 1915 provides: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case . . . if satisfied that the action is frivolous or malicious." Trial courts are granted broad discretion to dismiss complaints as frivolous, but such discretion may not be exercised arbitrarily. *Byrd v. Wilson,* 701 F.2d 592 at 594 (6th Cir.1983), citing *Boyce v. Alizaduh,* 595 F.2d 948, 951–953 (4th Cir.1979). Therefore, on review this Court must examine the *pro se*

complaint anew to determine whether it is indeed frivolous. *Id. Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). And, the allegations in *pro se* complaints must be taken as true and construed in favor of the plaintiff. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976).

The above cited principles are well accepted in the federal courts. In contrast, "frivolous" as a standard in section 1915(d) has been variously construed. Many circuit courts including the Sixth Circuit, have borrowed the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) enunciated by the Supreme Court in *Conley v. Gibson:* Dismissal of a *pro se* complaint is appropriate when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), quoted in *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972), reaffirmed in *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). In *Byrd v. Wilson, supra,* because the *pro se* complainant had alleged facts demonstrating that prison officials had ignored his medical and dietary needs, the action was not frivolous under the *Estelle v. Gamble* standard. *See also Westlake v. Lucas, supra.* The Fifth Circuit applied the "no set of facts" standard in *Montana v. Commissioners Court,* 659 F.2d 19 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982), to review the district court's dismissal *sua sponte,* pursuant to section 1915(d), of a prisoner's *pro se* complaint challenging numerous aspects of his confinement. Likewise the District of Columbia Circuit in *Crisafi v. Holland,* 655 F.2d 1305 (D.C.Cir. 1981), the Second Circuit in *Fries v. Barnes,* 618 F.2d 988 (2d Cir.1980), and the Eighth Circuit in *Wilson v. Iowa,* 636 F.2d 1166 (8th Cir.1981), have defined "frivolous" according to the *Estelle v. Gamble* "no set of facts" standard.

The Fourth Circuit follows a standard which varies slightly from *Estelle v. Gamble:* "To satisfy the test of frivolousness under § 1915(d), it is accordingly essential for the district court to find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." *Boyce v. Alizaduh,* 595 F.2d at 952. The Tenth Circuit follows a standard unique to itself: "The test of frivolity is whether a plaintiff can make a rational argument on the law and facts in support of his claim." *Wiggins v. New Mexico State Supreme Court Clerk,* 664 F.2d 812, 815 (10th Cir.1981) (J. Seymour dissenting, at 818, applying *Estelle v. Gamble* ). The final identifiable standard for frivolousness appears in *Jones v. Bales:* A frivolous action is one "in which the plaintiff's realistic chances of ultimate success are slight." 58 F.R.D. at 464.

▇ The district court in the present case applied the *Jones* "chances of ultimate success are slight" standard. The court's choice of standard was not inappropriate at the time because of the dearth of Sixth Circuit decisions addressing section 1915(d) dismissals.[1] However, the *Jones* standard represents a palpable and inequitable departure from *Estelle v. Gamble,* a departure which we decline to embrace. First, we note that many plaintiffs who would have their "day in court" under *Estelle,* would be denied an opportunity to make their cases under *Jones.* If a plaintiff's realistic chance of success is slight, the plaintiff nonetheless has a chance of succeeding. Under *Jones,* such a plaintiff's action, which may have merit, would be dismissed. In contrast, under *Estelle* such an action would not be prematurely dismissed. *Estelle* permits courts to dismiss pursuant to section 1915(d) only those cases which are "beyond doubt" lacking merit. It is manifest, then, that the more tolerant "no set of facts" standard of *Estelle* must be adopted to preserve ample opportunities for *pro se* plaintiffs with legitimate claims to be heard. Second, we recognize that the section 1915 standard for dismissal must be identical to that of Rule 12(b)(6) if indigent, *pro se* plaintiffs are to have access to the courts equal to more affluent plaintiffs' access. A plaintiff who files *in forma pauperis* pursuant to section 1915(a) or who requests the appointment of counsel pursuant to section 1915(d) should not be required to demonstrate that his chances of success are more than "slight" while a plaintiff with greater resources need only allege a conceivable set of facts which would entitle him to relief.[2] For these reasons, we affirm the standard which we acknowledged in *Byrd v. Wilson,* that an action is frivolous and may be dismissed under section 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.

▇ With the appropriate standard firmly in mind we approach the question of whether the plaintiff's complaint is frivolous. First, Malone contends that the physical conditions of the Greene County jail fail to pass constitutional muster by the dictates of *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Due Process Clauses of the Fifth and Fourteenth Amendments protect pretrial detainees from punishment or jail conditions which amount to punishment. *Id.* at 535, 99 S.Ct. at 1871. However, "if a restriction or condition is not reasonably related to a legitimate goal [of the custodian to maintain security in the institution]—if it is arbitrary

1. The leading Sixth Circuit case prior to the district court's decision was *Westlake v. Lucas,* which addressed dismissal under Federal Rule of Civil Procedure 12(b)(6). *Byrd v. Wilson* decided under section 1915(d) was filed nine months after the lower court's opinion.

2. We are mindful that the primary complainants availing themselves of section 1915 are prisoners who, it is said, will allege any variety of falsities to "obtain [ ] a short sabbatical in the nearest federal courthouse." *Cruz v. Beto,* 405 U.S. 319, 327, 92 S.Ct. 1079, 1084, 31 L.Ed.2d 263 (1972) (J. Rehnquist dissenting). *See also Jones v. Bales,* 58 F.R.D. at 463 (supplemental opinion). Be that as it may, the federal courts cannot abdicate their responsibility to adjudicate cases properly within their jurisdiction, even to stem the tide of frivolous actions.

or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539, 99 S.Ct. at 1874. Malone's theory, resting on *Bell v. Wolfish,* is that Sheriff Colyer's failure to provide him with essential items for personal hygiene and with a cell clean and free from fire hazards amounted to unconstitutional punishment. Malone has alleged facts to support his claim, many of which have been admitted by Colyer. Neither party has submitted affidavits or other documents to support his pleadings. Malone's claim is not frivolous because we cannot say beyond doubt that he can prove no set of facts which would entitle him to relief.

■ Malone's second contention is that Sheriff Colyer denied him access to legal materials. This deprivation was compounded by the fact that the court denied his motion for appointment of counsel. It is beyond dispute that prisoners no less than other citizens have a constitutionally guaranteed right of access to the courts. This right is protected "when a state provides [a] prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally trained personnel." *Holt v. Pitts,* 702 F.2d 639 at 640 (6th Cir.1983), citing *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) and *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Although the Sheriff has denied many of the facts Malone alleged to support his claim, his denial merely creates a question of fact. Again, we cannot say that the claim is frivolous.

■ Finally, Malone claims that his requests for medical attention were denied. "[W]here the circumstances are clearly sufficient to indicate the need of medical attention ..., the denial of such aid constitutes the deprivation of constitutional due process." *Fitzke v. Shappell,* 468 F.2d 1072, 1076 (6th Cir.1972), citing *Hughes v. Noble,* 295 F.2d 495 (5th Cir.1961). Malone alleged in his complaint that he asked Sheriff Colyer for "medical attention" on several oc-

casions and that he received "medication for his ailment" upon arriving at the state penitentiary. Without more, these conclusory allegations do not demonstrate a right to relief. The district court properly dismissed this claim as frivolous.

Two of Malone's claims withstand the test of frivolousness we have discussed in this opinion. Therefore, we remand the case to enable him to offer proof on these claims. In doing so we intimate no opinion on the merits of his action.

Judgment is affirmed in part and reversed in part. The case is remanded for proceedings consistent with this opinion.