786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE DALLAS THOMPSON, Plaintiff-Appellant,
v.
TROOPER B.W. PHILLIPS; LT. RON LEWIS; ANY JUDGE OR PUBLIC
OFFICIAL WHO CONSPIRES WITH TROOPER B.W. PHILLIPS,
Defendants-Appellees.
 85-3944
 United States Court of Appeals, Sixth Circuit.
 2/18/86
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: KRUPANSKY and GUY, Circuit Judges and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion to proceed in forma pauperis and motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant has been granted in forma pauperis status in the district court. Therefore, he is permitted to proceed in forma pauperis on appeal without the necessity of a second motion. Rule 24(a), Federal Rules of Appellant Procedure.
 
 
 3
 George Dallas Thompson is appealing the dismissal of his civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). See Malone v. Colyer, 710 F.2d 258 (6th Cir. 1983). The appellant claims his constitutional rights were violated when Ohio State Trooper B.W. Phillips pulled him over for a traffic violation. The officer pulled appellant over for allegedly crossing the center line. Thompson denies that he crossed the center line and noted that he was not cited. The appellant contends the officer patted around appellant's belt in search for weapons and poked him in the chest with his fingers. Further, Thompson alleged that the state trooper placed his hands on his gun belt in a threatening manner.
 
 
 4
 The appellant does not state a cause of action; the invasion claimed does not rise to a constitutional dimension. The appellant's allegations may state a cause of action under state tort law but it does not follow that all such invasions, however trivial, serve to activate remedies under the due process clause of the Fourteenth Amendment; the Civil Rights Act was not enacted in order to discipline local law enforcement officials. Atkins v. Lanning, 556 F.2d 485 (10th Cir. 1977); see Wise v. Bravo, 666 F.2d 1328 (10th Cir. 1981); Wells v. Ward, 470 F.2d 1185 (10th Cir. 1972).
 
 
 5
 Accordingly, it is ORDERED that the motion for counsel be denied and the judgment of the district court is affirmed for the reasons set forth in the Order of Judge Hermon J. Weber dated October 30, 1985. Rule 9(d)(3), Rules of the Sixth Circuit.