802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JESSE R. JACKSON, Plaintiff-Appellant
v.
CLEVELAND STATE UNIVERSITY, Defendant-Appellee.
 No. 86-3135.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and RUBIN, District Judge*
 
 ORDER
 
 2
 The plaintiff appeals the order dismissing his pro se civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). He now applies to this Court for leave to proceed on appeal in forma pauperis. He also applies for a temporary restraining order enjoining his dismissal from academic pursuit pending this appeal. These applications were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is a former undergraduate student at the defendant University. Following the 1985 fall quarter, he was dismissed from the University for "poor academic performance." His petition for review of that decision was denied. He then filed this pro se action asserting a denial of due process because he did not have a hearing before his dismissal. He also asserted claims of racial discrimination. Because the plaintiff sought to proceed in forma pauperis, the district court reviewed the complaint under Sec. 1915(d), found it frivolous, and sua sponte dismissed the action. This appeal followed.
 
 
 4
 This Court has held that a district court may dismiss an action under Sec. 1915(d) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). Upon our review of the record, we find the district court did not err in dismissing the plaintiff's action.
 
 
 5
 There is no procedural due process right to a formal hearing prior to dismissal from a public university for academic reasons. Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78 (1978). In reviewing a dismissal under substantive due process requirements in Regents of the University of Michigan v. Ewing, --- U.S. ----, 106 S.Ct. 507 (1985), the Supreme Court (assuming that such requirements attached to academic decisions, a holding the Court's declined to make) held that a federal court could not override a "genuinely academic decision" "unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." 106 S.Ct. at 513. Given that "narrow avenue for judicial review", Ewing, supra, 106 S.Ct. at 514, and the documents submitted with the plaintiff's complaint, we cannot perceive any set of facts which could entitle the plaintiff to the relief sought in this action. See also Schuler v. University of Minnesota, 788 F.2d 510 (8th Cir. 1986); Mauriello v. University of Medicine and Dentistry of New Jersey, 781 F.2d 46 (3rd Cir. 1986). The claims of racial discrimination likewise have no support in the complaint aside from the plaintiff's subjective assertions. Therefore,
 
 
 6
 It is ORDERED that the motion for leave to proceed on appeal in forma pauperis be and it hereby is denied.
 
 
 7
 Upon examination of the present application, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 8
 It is further ORDERED that the district court's order of January 17, 1986, dismissing the plaintiff's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation