802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BRIAN ROBERT VANAARSTEN, Plaintiff-Appellant
v.
ROBERT BROWN, WILLIAM KIME, JAMES DOLTON, DALE FOLTZ, DAVID
JAMROG, ELTON SCOTT, LLOYD BAKER, BERNIE TOLAN,
JEFFREY ANGSTMAN, JOHN DOE, Defendants-Appellees.
 No. 86-1209.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 1
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge
 
 ORDER
 
 2
 The plaintiff appeals the judgment dismissing his pro se prisoner civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). He now moves for leave to proceed on appeal in forma pauperis, for appointment of counsel, and for a transcript at government expense. Those motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 The plaintiff is an inmate at the State Prison of Southern Michigan. He asserts prison authorities denied him due process of law by classifying him as a maximum security prisoner on the basis of a conspiracy to escape charge which had been dismissed by the state trial court. The district court reviewed the complaint, found the plaintiff had no constitutionally protected right to a particular classification status, and dismissed the action as frivolous under Sec. 1915(d). This timely appeal followed.
 
 
 4
 A district court may dismiss a pauper action under Sec. 1915(d) "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). We conclude the district court did not err in dismissing the plaintiff's action under this standard.
 
 
 5
 Because there is no right to a particular classification status under federal law, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), such a right, if it exists, can arise only under state law. See generally Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980). Our review of Michigan law, however, shows that state prison officials have broad discretion in the consideration of information for classification purposes. See M.C.L.A. Sec. 791.264 (West 1982); 3 MICH. ADMIN. CODE R. 791.4401 (1979). Given this grant of discretion, there arises under state law no liberty interest necessary for a cause of action under 42 U.S.C. Sec. 1983. See Martin v. Duckworth, 581 F.Supp. 1282 (N.D. Ind. 1984); Larson v. Mulcrone, 575 F.Supp. 1 (N.D. Ill. 1982), aff'd without opinion, 723 F.2d 914 (7th Cir. 1983).
 
 
 6
 It is ORDERED that the plaintiff's pending motions be and hereby are denied.
 
 
 7
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 It is further ORDERED that the district court's judgment of February 18, 1986, be and it hereby is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.