819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George H. SEYMOUR, Plaintiff-Appellant,
v.
Steve NORRIS, Commissioner, Tennessee Department of
Corrections; Tony R. Young, Assistant Commissioner; David
Russell, Director of Security; Otie R. Jones, Warden,
MCRCF; Cpl. Steve Daugherty, Chairman of Disciplinary
Board; and Col. Robert L. Griffith, Defendants-Appellees.
 No. 86-6053.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1987.
 
 Before KENNEDY, RYAN and BOGGS, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff, George Seymour, is a prisoner confined at the Morgan County Regional Corrections Facility (M.C.R.C.F.). On August 6, 1986, Seymour filed a 42 U.S.C. Sec. 1983 civil rights action against various employees of the Tennessee Department of Corrections (T.D.O.C.). In his complaint, Seymour alleged that he was denied procedural due process and equal protection by defendants' failure to comply with T.D.O.C. policy guideline 502.01. Specifically, Seymour argued that his constitutional rights were violated by defendant Griffith's failure, as reporting officer, to personally serve a disciplinary report on Seymour prior to the disciplinary hearing which led to his 60-day probation. On the magistrate's recommendation, the plaintiff's complaint was dismissed as frivolous.
 
 
 3
 An action is frivolous when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). A review of the record and briefs filed in the present action reveals that the district court did not abuse its discretion in dismissing the plaintiff's civil rights action, and we affirm for the reasons stated in the report and recommendation of the magistrate as adopted by this district court. Rule 9(b)(5), Rules of the Sixth Circuit.