825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth B. SIMMONS, Plaintiff-Appellant,
v.
RUTHERFORD, CROCKETT AND DEMARCO, and Unknown Defendants,
Defendants-Appellees.
 No. 86-6292
 United States Court of Appeals, Sixth Circuit.
 July 31, 1987.
 ORDER
 
 1
 Before KENNEDY and NELSON, Circuit Judges, and WEBER, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This pro se plaintiff who is an inmate at the Tennessee State Penitentiary appeals a district court order which dismissed his 42 U.S.C. Sec. 1983 complaint as frivolous under 42 U.S.C. Sec. 1915(d).
 
 
 4
 Plaintiff brought this action against the Nashville, Tennessee law firm of Rutherford, Crockett and DeMarco. Plaintiff's complaint alleges that the firm, which handled the estate of his father, failed to notify him of his father's death, thereby depriving him of the opportunity to attend the funeral. Plaintiff also contends that this lack of notification deprived him of the opportunity to possess personal knowledge of his inheritance rights. Plaintiff seeks $500,000 in punitive damages.
 
 
 5
 The district court properly dismissed this action as frivolous under Sec. 1915(d) in that plaintiff can prove no set of facts which would entitle him to relief under Sec. 1983. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983).
 
 
 6
 Plaintiff improperly brought this action before the federal court because there exists no basis of federal jurisdiction. The district court properly held that this case presents no diversity of citizenship, no federal question and no violation of civil rights under state action. Therefore, it is a well-settled question that plaintiff's proper forum for redress is in the state courts.
 
 
 7
 For these reasons, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation