827 F.2d 770
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lowell G. MAYNARD, Plaintiff,
Norman Z. Flick, Plaintiff-Appellant,
v.
Larry COX, Cleo Ward, T.G. Curd, M.R. Lacy, J.L. Megathlin,
Defendants- Appellees.
 No. 86-1531.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1987.
 
 1
 Before MARTIN and BOGGS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This pro se plaintiff appeals from the district court's judgment dismissing his civil rights action with prejudice. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff sought monetary damages and injunctive relief from five Bureau of Prison supervisory officials. Plaintiff claimed that the defendants violated his constitutional rights by prohibiting him from sending a letter in March, 1985 to Lowell Maynard, who was incarcerated at another prison. Plaintiff claimed that prison correspondence regulations permitted him to send the letter because he and Maynard were both litigants in the Eastern District of Michigan, Case No. 84-CV-3241-NT and other cases. Prison officials denied plaintiff's request for correspondence authorization because he and Maynard were not codefendants in an active case at the time that plaintiff wished to correspond. Upon review of the record, the district court granted defendant's motion for summary judgment and dismissed the case.
 
 
 4
 Upon review, we conclude that the district court correctly dismissed the complaint with prejudice. The prison correspondence regulation at issue meets the Supreme Court's newly minted standard of review for judging the validity of a prison regulation that impinges on inmates' constitutional rights, and the record shows that plaintiff and Maynard were not codefendants in an active case at the time that plaintiff wished to correspond. See Turner v. Safley, --- U.S. ----, 55 U.S.L.W. 4719 (June 1, 1987).
 
 
 5
 In addition, plaintiff argues that defendants denied access to the courts to the inmate with whom he wished to correspond. That inmate's right to meaningful access to the courts was not impinged because there was no allegation that the inmate was denied access to either a law library or the assistance of legally trained personnel. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Malone v. Colyer, 710 F.2d 258, 262 (6th Cir.1983).
 
 
 6
 Accordingly, the district court's judgment entered April 21, 1986 is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation