831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamont Ervin TAYLOR, Plaintiff-Appellant,
v.
George W. WILSON, Sharon Caudill, and Steve Berry,
Defendants-Appellees
 No. 87-5457.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff requests counsel and other miscellaneous relief on appeal from the district court's judgment dismissing his 42 U.S.C. Sec. 1983 complaint. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff complained that the defendants violated his due process rights by transferring him between various Kentucky prisons. He also claimed that he was denied access to the courts when he was denied supplies such as paper, pencils, and time at the prison law library.
 
 
 3
 The complaint was referred to a magistrate, who concluded that plaintiff failed to state a cause of action cognizable under 42 U.S.C. Sec. 1983. The plaintiff filed his objections to the report. Nevertheless, the district court dismissed the complaint for the reasons stated in the magistrate's report. Plaintiff then filed a motion for a temporary restraining order and preliminary injunctions. The district court treated these motions as a Fed.R.App.P. 8(a) motion for stay of final judgment or injunction pending appeal, and denied the motions. This appeal followed.
 
 
 4
 On appeal, plaintiff requests appointment of counsel; a declaratory judgment stating that defendants violated his constitutional rights; a temporary restraining order and a preliminary injunction which would prevent the defendants from "misclassifying" plaintiff; an order requiring defendants to transfer plaintiff from the Western Kentucky Farm Center to another minimum custody facility; and an injunction preventing defendants from returning plaintiff to the Farm Center.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed the complaint for failure to state a cause of action cognizable under 42 U.S.C. Sec. 1983. Plaintiff complains that the defendants transferred him between various Kentucky prisons. This does not state a claim under 42 U.S.C. Sec. 1983 because the decision to transfer a prisoner to various prisons is not subject to audit under the due process clause, absent any prison regulations that place substantial limitations upon official discretion. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). This plaintiff has not established that Kentucky created a protected liberty interest which prevents defendants from exercising their discretion to transfer him. Thus, he has not stated a claim which entitles him to relief. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 6
 Furthermore, plaintiff's claim that he was denied meaningful access to the courts is without merit. Meaningful access is protected when the prison provides either a law library or the assistance of legally trained personnel. Bounds v. Smith, 430 U.S. 817, 828 (1977); Malone v. Colyer, 710 F.2d 258, 262 (6th Cir.1983). Under the Bounds guidelines, plaintiff's right to meaningful access was not denied when he was allegedly denied pencils, paper, and access to the library for several days. As a result, plaintiff has not stated a cognizable claim.
 
 
 7
 The request for counsel and other miscellaneous relief is denied. The judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.