835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Paul STARZYK, Plaintiff-Appellant,
v.
Glenda McKINNEY and Six County Consortium for Employment and
Job Training, Defendants-Appellees.
 No. 87-1238.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1987.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and CHARLES M. ALLEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 On October 18, 1985, the plaintiff filed a civil rights action alleging that he had been discriminated against by the defendants and that his fourth and first amendment rights had been violated by certain application requirements imposed by them on applicants for job training. Specifically, plaintiff claimed that in violation of his religious convictions the defendants required that he produce a voter's registration card to establish his citizenship. He further alleged that his fourth amendment rights were violated by the defendants' requirement that the number of persons living in his household be verified by a nonmember of his family.
 
 
 4
 Liberally construed, the plaintiff's complaint gives fair notice that a 42 U.S.C. Sec. 1983 action has been brought against the defendants for alleged violations of the plaintiff's first and fourth amendment rights arising from the defendants' application requirements. Therefore, it cannot be said that the plaintiff has not made a short and plain statement of his claim sufficient to satisfy Fed.R.Civ.P. 8(a).
 
 
 5
 However, dismissal of the plaintiff's action must be affirmed given the frivolity provisions of 28 U.S.C. Sec. 1915(d). Under that statute, an action may be dismissed as being frivolous if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Given the nature of the plaintiff's claims, no set of facts could be proven which could entitle the plaintiff to relief in the present case. The eligibility requirements of the defendant, as shown by the exhibit attached to the plaintiff's complaint, do not exclusively require a voter's registration card to establish citizenship. Citizenship may also be established by a birth certificate which the plaintiff had already supplied the defendant. Accordingly, no first amendment violation can be proved because the plaintiff was not required to obtain a voter registration card in order to apply for job training with the defendants. Likewise, no violation of the plaintiff's privacy can be shown, as the defendant's application requirements are at best simply a nonintrusive means of verifying that which the plaintiff has already made known to the public, the residence of himself and his mother at their family home. See McNally v. Pulitzer Publishing Company, 532 F.2d 69 (8th Cir.), cert. denied, 429 U.S. 855 (1976).
 
 
 6
 Accordingly, the judgment of the district court entered on February 17, 1987, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, the plaintiff's motion to disqualify Judge Miles is hereby denied.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation