845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Ray ROLAND, Plaintiff-Appellant,
v.
DIRECTOR of the MICHIGAN DEPARTMENT OF CORRECTIONS,
Defendant-Appellee.
 No. 87-2059.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1988.
 
 Before MERRITT and CORNELIA G. KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the brief submitted by plaintiff, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a Michigan prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Michigan. In support of his claim for injunctive relief and monetary damages, he alleged that defendant, Michigan Department of Corrections, had violated his civil rights by refusing him eligibility for a community release program due to his having been convicted of an assaultive sexual offense. Furthermore, plaintiff alleged that as a convicted sex offender he was required to undergo extensive psychological treatment as a prerequisite to release on parole, but that staff shortages in the Michigan Department of Corrections so limited the availability of such programs as to amount to an unconstitutional interference with his right to parole. Upon consideration of those allegations, however, the district court concluded that plaintiff's claims were frivolous and therefore entered judgment dismissing the complaint pursuant to 28 U.S.C. Sec. 1915(d). This appeal followed.
 
 
 3
 A court may properly dismiss a complaint filed in forma pauperis for reason of frivolity under 28 U.S.C. Sec. 1915(d) if it can conclude that plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir.1983). Application of that standard to the claims involved in this appeal indicates that the district court properly dismissed plaintiff's complaint. In particular, plaintiff bases his first claim that defendant is illegally preventing his eligibility for community release upon a report of the Michigan House Committee on the Department of Corrections which recommended that such programs be extended to a greater number of inmates. That report, however, lacks the force of law so as to establish a liberty interest in plaintiff's favor sufficient to give rise to a cause of action under 42 U.S.C. Sec. 1983. Rather, Michigan law currently mandates the exclusion of convicted sex offenders from community release programs. Mich.Comp.Laws Ann. Sec. 769.2a; Mich.Admin.Code R. 791.4410; Jansson v. Department of Corrections, 174 Mich.App. 774 (1985) (per curiam). As federal courts have approved such practices, plaintiff clearly can not prevail on the basis of his claim regarding his ineligibility for community release status. Hendking v. Smith, 781 F.2d 850 (11th Cir.1986). Furthermore, insofar as plaintiff's allegations in this regard can be construed as a cause of action for the violation of his right to equal protection, the court concludes that this claim is without merit.
 
 
 4
 Likewise, plaintiff's claim that Michigan law improperly requires that he undergo psychological treatment as a condition to eligibility for parole when such services are not readily available is without merit. First, Mich.Admin.Code R. 791.7715, which governs the granting of parole in that state, places no such requirement upon plaintiff, but merely stipulates that individuals such as himself who have been convicted of assaultive sexual offenses undergo a psychological evaluation in addition to meeting the other normal conditions for early release. This requirement is not an undue restriction on plaintiff's right to parole, eligibility for which is generally left to the judgment of the appropriate state officials. See Jago v. Van Curen, 454 U.S. 14 (1981) (per curiam). Furthermore, scrutiny of the complaint indicates no allegation by plaintiff that he has ever been refused access to such treatment due to its unavailability or, more importantly, that he has ever been denied parole due to his failure to undergo any required psychological therapy.
 
 
 5
 For the foregoing reasons, the motion for appointment of counsel is hereby denied and the final judgment of the district court entered October 1, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.