848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darwin GRAVITT, Plaintiff-Appellant,
v.
Perry JOHNSON, Defendant-Appellee.
 No. 87-1783.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1988.
 
 Before LIVELY, MERRITT and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff, a Michigan state prisoner currently incarcerated at the Huron Valley Men's Facility in Ypsilanti, appeals the district court's sua sponte dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking ninety-one hundred billion dollars in damages, the plaintiff sued the former director of the Michigan Department of Corrections because his "A" file was destroyed. Allegedly, this file contained information regarding plaintiff's activities while incarcerated at one of the state's facilities and other documentation of professed violations of his constitutional rights.
 
 
 3
 The district court dismissed the matter as frivolous under Sec. 1915(d) because the plaintiff cited no facts which, if true, entitled him to relief, see Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983), and because the named defendant could not be held liable under Sec. 1983 solely on the basis of respondeat superior. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978).
 
 
 4
 On appeal, the plaintiff names an additional defendant and raises new claims of denial of access to the courts, denial of due process, eighth amendment violations and interference with his prison mail.
 
 
 5
 On review of the plaintiff's complaint, we conclude the district court properly dismissed this action for the reasons stated in its July 23, 1987 order. Furthermore, we decline to review plaintiff's new claims raised for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.