859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
U.S. MARSHALL SERVICE; Federal Bureau of Prisons; Judge
Warfield Moore, Defendants-Appellees.
 No. 88-1472.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action pursuant to 28 U.S.C. Sec. 1915(d). He now moves for an injunction and bond pending appeal. Upon review of the record and the brief submitted by plaintiff, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, a Michigan prisoner, filed a civil rights action in the district court for the Eastern District of Michigan. In support of his claim for monetary damages, he alleged that in November 1986 defendants caused his removal to state custody and his subsequent transfer to a federal correctional institution and then to the Metropolitan Correctional Facility in Chicago. Plaintiff further related that he was later transferred back to the custody of Michigan authorities. Other than the conclusory allegation that this last action had been accomplished without benefit of a pre-transfer hearing, plaintiff provided no specific information as to the manner in which defendants' conduct violated his civil rights. Upon review of those allegations, the district court concluded that plaintiff's claims are frivolous and therefore directed the dismissal of the complaint pursuant to 28 U.S.C. Sec. 1915(d). This appeal ensued.
 
 
 3
 A district court may properly dismiss an action filed in forma pauperis if, assuming the truth of all the factual allegations appearing in the complaint, it can conclude that the plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). The district court did not err in this case. In order to prevail upon his claim, plaintiff must plead and ultimately prove both that defendants had acted under the color of state law and that their conduct deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's complaint does not satisfy the second of those requirements as inmates generally enjoy no protectible interest either in being confined in a particular place or in a hearing prior to their transfer to another institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976).
 
 
 4
 Accordingly, the motions for an injunction and bond pending appeal are hereby denied and the final judgment entered April 21, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.