859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin SNAPP, Plaintiff-Appellant,
v.
Hon. James J. KELLEY, Defendant-Appellee.
 No. 88-1527.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his cause of action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for bail pending appeal. Upon review of the record and the brief submitted by plaintiff, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff Kevin Snapp, a Michigan prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. As the sole basis of his claim for both injunctive and monetary damages, he alleged that defendant Judge James J. Kelley had committed numerous errors in imposing sentence upon him after his conviction for the state offense of delivery of cocaine. Upon consideration of those allegations, however, the district court concluded that plaintiff's claims were frivolous and therefore directed their dismissal pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff thereafter filed this appeal.
 
 
 3
 A district court may properly dismiss a complaint for reason of frivolity under 28 U.S.C. Sec. 1915(d) if, assuming the truth of the allegations contained in the complaint, it can conclude that plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258 (6th Cir.1983).
 
 
 4
 The district court correctly applied that standard in this case. In particular, plaintiff's claims under 42 U.S.C. Sec. 1983 are based entirely upon allegations which challenge the legality of the sentence imposed upon him in recognition of his conviction by a state court for delivery of cocaine. As a result those matters may not serve as the basis of a civil rights action for damages without first having been adjudicated in plaintiff's favor in the context of an appropriate proceeding for post-conviction relief such as a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Examination of the record discloses that plaintiff has yet to raise his claims regarding the validity of his sentence in such a proceeding. Accordingly, the district court properly dismissed plaintiff's cause of action under 42 U.S.C. Sec. 1983 based upon those same claims.
 
 
 5
 For the above reason the motion for bail pending appeal is hereby denied and the district court's final judgment entered April 29, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.