863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Anderson TINSLEY, Plaintiff-Appellant,
v.
William C. SEABOLD; Vertner L. Taylor; Steve Berry,
Defendants-Appellees.
 No. 88-5929.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Willie Anderson Tinsley moves for counsel on appeal from the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Tinsley claimed that the defendants refused to transfer him to another prison after his life was threatened by other inmates on February 17, 1988. The defendants are the warden, the Commissioner of Corrections, and someone involved with transportation at the Department of Corrections. He requested injunctive relief. The district court dismissed the complaint as frivolous because plaintiff's claim did not implicate a constitutionally protected right and, thus, Tinsley failed to state a claim for relief under 42 U.S.C. Sec. 1983. Tinsley raises the same claim on appeal.
 
 
 3
 Upon consideration, we affirm the district court's dismissal of the complaint as frivolous as it appears that Tinsley could prove no set of facts which would entitle him to relief under 42 U.S.C. Sec. 1983. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Tinsley failed to establish that he was both deprived of a right secured by the federal Constitution or laws of the United States and that the deprivation was caused under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Tinsley did not state a claim under 42 U.S.C. Sec. 1983 because the decision of whether to transfer a prisoner is not subject to audit under the due process clause, absent any state law that places substantive limitations upon official discretion. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Absent such a law, a prisoner does not have a protected liberty interest in transfer to another prison. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Tinsley did not establish that Kentucky prison regulations substantially limit the prison officials' discretion to transfer prisoners. As a result, he did not show that Kentucky created a protected liberty interest which prevented the defendants from exercising their discretion not to transfer him. See Olim, 461 U.S. at 249. Thus, he did not state a claim which would entitle him to relief.
 
 
 4
 In addition, these prison officials did not violate Tinsley's eighth amendment rights by allegedly failing to protect him from assault by another inmate. In his appellate brief, Tinsley stated that the defendants responded to his requests for protection by placing him in administrative segregation. This did not show that the defendants were deliberately or callously indifferent to his safety needs. See McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 5
 Accordingly, the motion for counsel is denied and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.