869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DARWALL, Plaintiff-Appellant,
v.
MICHIGAN; Carl Ziemba; Samuel C. Gardner; Eastman Kodak
Co.; EC Publications Inc; Computer Programming Institute,
(E.C.P.I. formerly); Arquitectonica; the City of Detroit;
McDonald's Corporation; Warner Corp.; Sega Enterprises,
Inc.; Nintendo Corp; Atari Enterprises, Defendants- Appellees.
 No. 88-1979.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Darwall moves for counsel and for the court to drop all charges against him and appeals from the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Darwall sued the state of Michigan, his defense attorney, a state trial judge, and nine corporations. He complained that he attempted to correct his name on prison records, but everyone thought that he was insane or mentally ill. He requested two billion dollars in damages and injunctive relief. The district court dismissed the complaint as frivolous because the judge was absolutely immune from suit for his judicial acts, the other defendants did not act under color of state law, Darwall did not allege that any defendant violated a federal right, and the eleventh amendment barred suit against the state of Michigan.
 
 
 3
 Upon consideration, we affirm the district court's dismissal of the complaint as frivolous as it appears that Darwall could prove no set of facts which would entitle him to relief under 42 U.S.C. Sec. 1983. See Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). Darwall failed to establish that there was state action and that he was deprived of a right secured by the federal Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 4
 Darwall's conclusory allegations that his rights were somehow violated when he attempted to correct his name on prison records simply failed to state a cause of action under 42 U.S.C. Sec. 1983. See generally Smith v. Rose, 760 F.2d 102 (6th Cir.1985). Nor did Darwall establish that any of the defendants acted under color of state law. Defendant Ziemba, Darwall's defense attorney at his criminal trial, did not act under color of state law. See Polk County v. Dodson, 454 U.S. 312 (1981). Defendant Gardner, a state trial judge, is absolutely immune from suit for monetary damages for his judicial acts. See Stump v. Sparkman, 435 U.S. 349 (1978). The complaint contains no allegations establishing that the remaining defendants acted under color of state law. The allegations are likewise too vague and conclusory to establish a conspiracy between the judge and the other non-state defendants. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Thus, Darwall failed to state a claim against them.
 
 
 5
 In addition, the state of Michigan is immune from suit under the eleventh amendment because it has not expressly waived its immunity. See generally Welch v. State Dep't of Highways and Public Transp., 107 S.Ct. 2941, 2945-46 (1987); Abick v. Michigan, 803 F.2d 874, 877 (6th Cir.1986). The eleventh amendment therefore bars this suit against the state.
 
 
 6
 Accordingly, the motions for counsel, for the court to drop all charges against Darwall, and to amend the case caption are hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.