869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve D. ANDERSON, Plaintiff-Appellant,
v.
Lonnie HOOD, CID; William Sowder, CID; L.D. Moree, Jr.,
CID; Steve Yuhas; Rich Toombes; Carlton
Phillips; Fred "Stopper" McCoig;
Washington County, Tennessee.
 No. 88-5870.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Steve D. Anderson brought suit under 42 U.S.C. Sec. 1983 against various Tennessee law enforcement officials and private citizens, alleging that they had conspired to illegally search his property in January 1985. The district court dismissed the claim as frivolous, finding it barred by the one year statute of limitations governing civil rights suits in Tennessee. He moves for the appointment of counsel on appeal.
 
 
 3
 Upon review, we conclude that this case was properly dismissed. Plaintiff's direct criminal appeal and his action filed under 28 U.S.C. Sec. 2255 did not serve to toll the running of the statute. Plaintiff's claim that he was unaware of all the facts sustaining his cause of action is also unsupported. Moreover, this claim is subject to issue preclusion, as this court had previously determined the validity of the search in question in the plaintiff's motion pursuant to 28 U.S.C. Sec. 2255. See In re Long Distance Tele. Litigation, 831 F.2d 627, 635 (6th Cir.1987). Thus, it is clear that plaintiff could prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983).
 
 
 4
 Accordingly, plaintiff's motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.