927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vicki L. JONES, Fadee Mulazim, Plaintiffs-Appellants,
v.
Robert REDMAN, Perry Johnson, Robert Berles, James Pogats,
Gene Bogert, Everett Elkins, M. Meador, David J. Burnett,
Mr. Ford, Mr. Roberts, Mr. De Leeuw, Mr. Palmer, Mr. Rink,
James Malocha, Mr. Morris, Mr. Nobles, and Sandra Phelps,
Defendants-Appellees.
 No. 88-1501.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 84-07311; Gilmore, J.
 E.D.Mich.
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Fadee Mulazim, a prisoner in Ysplanti, Michigan state prison, and Vicki Lynn Jones filed a civil rights action alleging that Michigan prison officials, defendants, abridged various constitutional rights, including his first amendment right to exercise religion and his fourteenth amendment due process rights.[1] When defendants failed to answer the complaint in a timely fashion, a default judgment was entered. Subsequently on motion of the defendants, the district court set aside the default judgment. The district court then dismissed the complaint, and an appeal ensued.
 
 
 2
 A panel of this court then vacated the dismissal, remanding the case with instructions to address plaintiffs' first and fourteenth amendment claims. Upon remand, the district court referred the case to a magistrate who recommended the complaint be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). The district court adopted the recommendation and dismissed the case. Again, notice of appeal was timely filed, but the caption read, "VICKI LYNN JONES, the Melanic representative for the Melanic Palace of the Rising Sun, Inc., et al., Plaintiffs Pro Se."
 
 
 3
 The body of the notice of appeal states "Fardee Mulazim, Plaintiff-Appellee Pro se for himself and on behalf of the Melanic Palace of the Rising Sun, Inc., in the above title, appeals...." Only Mulazim signed the notice of appeal.
 
 
 4
 We hold, giving Mulazim the benefit of some doubt, that only Mulazim has effectively appealed the adverse judgment. See Minority Employees of Tenn. Dep't of Emp. Sec., Inc. v. State of Tenn., Dep't of Emp. Sec., 910 F.2d 1327 (6th Cir.), cert. denied sub nom., 111 S.Ct. 210 (1990). Neither Jones nor the alleged corporate entity, Melanic Palace, is now before us, as only Mulazim signed the notice of appeal and he did not expressly purport to sign as a representative of the Melanic Palace. Mulazim asked for relief for himself, and in two places, for "other members of the Melanic Faith," from what he claims is "harassing" and discriminatory conduct of defendants, including "racial Discrimination" and "Religious rights repression." (The magistrate's report refers also to an "order of voluntary dismissal as to Plaintiff Jones.")
 
 
 5
 In different places in the complaint Jones is reflected as "The Melanic representative," "Melanic Wife of the Melanic Redeemer, Mulazim," and " 'Fiancee' under the U.S.A. Laws." The complaint claims rights of the purported religious order by virtue of a prior case brought by "The Islamic Palace of the Rising Sun, Inc." on May 27, 1983. No copy of that order or judgment is reflected in the record. The complaint sets out a purported request by Mulazim to marry Jones, and that in 1984 they were "X-Homonized" (married under Melanic "laws and tenets"), and that thereafter Redman at first denied Jones' status as "Melanic Representative" and later "reinstated" her. The complaint charged various defendants of slandering plaintiffs for "sex immorality." It also claimed that prison authorities denied him full access to a "reporter" and the media, and that he was placed in administrative segregation for possession of contraband "without right of hearing."
 
 
 6
 A Sec. 1915 dismissal will be affirmed by this court if the complaint is clearly frivolous, that is, if it appears beyond doubt that the plaintiff can prove no facts which would entitle him or her to relief. Malone v. Colver, 710 F.2d 258, 261 (6th Cir.1983). Mulazim, however, has made certain allegations which could give rise to a cause of action for relief. Dismissal of the entire complaint was not warranted in our view.
 
 
 7
 The magistrate, upon referral, recommended dismissal of the claim because he believed that the district court should generally defer to the judgment of prison officials when faced with problems of the kind asserted by plaintiffs. In Turner v. Safley, 482 U.S. 78, 90 (1987), the Supreme Court stated, concerning certain types of claims asserted by Mulazim: "We have found it important to inquire whether prison regulations restricting inmates' First Amendment rights operated in a neutral fashion, without regard to the content of the expression."
 
 
 8
 Defendant prison officials in this case have not responded to Mulazim's allegations that members of his alleged religious sect were treated unequally and discriminatorily.
 
 
 9
 The complaint asserts generally also that defendants denied plaintiffs' religious rights as Melanics and have repressed them, or attempted to repress their religion at the prison. (Jones being denied her right to continue as a volunteer for the Melanic Faith at the prison). We are not concerned in this appeal with any claims asserted by Jones; our consideration is limited to Mulazim.
 
 
 10
 We are satisfied that the district court (and the magistrate) satisfactorily considered and resolved, without error, the claims relating to alleged denial of rights as to administrative segregation, and the necessary effects of administrative segregation. The claim of property denial is without merit under Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 11
 With respect to the claim of first amendment right of freedom of religious expression, we find it error to deny consideration of that claim on the basis of Sec. 1915(d) as being frivolous.[2] If any prior decision or order of the district court has recognized Melanic Palace rights, of course, plaintiff is entitled to reasonable enforcement of such rights as it may relate to him personally.
 
 
 12
 The latter aspect of the complaint, then, is deemed not to be frivolous on its face. It is a pro se complaint and is entitled to a reasonable and liberal construction.
 
 
 13
 We, therefore, AFFIRM in part and REVERSE and REMAND in part for further proceedings consistent with this opinion.
 
 
 
 *
 JUDGE WELLFORD TOOK SENIOR STATUS EFFECTIVE JANUARY 21, 1991
 
 
 [1]
 The caption of the pro se complaint named only Jones as "the Melanic Representative for the Melanic Palace of the Rising Sun, Inc., et al." In the body of the original complaint, however, Mulazim is named as were Robert Redman, Warden of the facility in which Mulazim was incarcerated, and Perry M. Johnson, Director of the Michigan Department of Corrections (MDC). Other defendants named, not in the caption but in the body of the original complaint, were three alleged deputy wardens, two alleged prison chaplains, prison officers at the Huron Valley Men's Prison (HVMP), and an alleged prison inspector of the MDC. In the complaint, Mulazim's first name is given as "Fadee," and he signed the complaint with that spelling. The notice of appeal spells the first name, "Fardee."
 
 
 [2]
 The district court, on remand, should also consider the comingled claim of racial and religious discrimination raised by Mulazim