838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI, Plaintiff-Appellant,
v.
Richard SEITER; Terry Morris; George Alexander; Dr.
Turkson; Dr. Umpathi; Patty Taylor; Steerman;
Unknown and Unnamed Corrections,
Supervisors and
Administrators,
Defendants-Appellees.
 No. 87-3380.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, an inmate at the Southern Ohio Correctional Facility, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983 as frivolous under 28 U.S.C. Sec. 1915(d). Plaintiff alleges that he suffers from an ulcer as well as an inoperable back condition which requires treatment with exercise, medication and a back brace. Furthermore, plaintiff alleges that defendants have confiscated his back brace, knowingly prescribed medications which make plaintiff ill, interfered with appointments with outside medical specialists, and withheld some properly prescribed medications altogether.
 
 
 3
 On appeal, plaintiff's complaint must be reviewed de novo, and its allegations must be taken as true. Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985). In this respect, we note that the trial judge, acting with an abundance of caution, granted plaintiff a full opportunity to amend his complaint. In response, plaintiff Perotti filed a detailed narrative outlining his many grievances and the extensive medical attention he had received from time to time while incarcerated. Also included in his complaint were unrelated and irrelevant accusations made against certain defendants with regard to their conduct in cases other than his own.
 
 
 4
 In a carefully considered opinion filed in the district court January 28, 1987, United States District Judge S. Arthur Spiegel reviewed the history of the case and the allegations in the amended complaint. Judge Spiegel held that construing the pro se complaint most generously in favor of the plaintiff, Haines v. Kerner, 404 U.S. 519, 520 (1972), Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976), it appeared that plaintiff's claims, if proved, were at best capable only of a showing of negligence amounting to malpractice, and were not so serious as to constitute "deliberate indifference" to obvious medical needs which is required to state a claim under the Civil Rights Act, 42 U.S.C. Sec. 1983. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Judge Spiegel therefore concluded that plaintiff's amended complaint failed to allege any facts which would entitle him to relief, and dismissed the complaint as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). We agree.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.