Niles CROWE, Appellant,

v.

William D. LEEKE, Director of S. C. Department of Corrections, and Joe Martin, Warden, Central Correctional Institution, Appellees.

No. 75–2099.

United States Court of Appeals, Fourth Circuit.

Submitted May 10, 1976.
Decided Aug. 25, 1976.

Niles Crowe, appellant pro se.

Emmett H. Clair, Asst. Atty. Gen., Columbia, S. C., for appellees.

Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM.

Niles Crowe instituted an action under 42 U.S.C. § 1983, challenging the conditions of his confinement in Cell Block Number Two of the South Carolina Correctional Institution. Seeking monetary and injunctive relief, Crowe alleged that he is confined with two other inmates in a cell approximately six feet high, nine feet long and seven feet wide and because the cell is so small only two inmates can sleep in beds, forcing the third inmate to sleep on the floor. He claims that these cell conditions imposed on him as a result of his maximum security confinement constitute cruel and unusual punishment in violation of his Eighth Amendment rights. Finding that this claim did not reach constitutional proportions, the district court dismissed the complaint. We affirm.

Sentenced to death in August 1970 upon his conviction of first degree murder, Crowe's death sentence was set aside on October 3, 1972, and he was transferred to Manning Correctional Institution to serve a sentence of life imprisonment. In August 1973 he requested to be returned to Cell Block Two at the Central Correctional Institution for protective custody status.

While federal courts are reluctant to interfere in the conduct and administration of correctional institutions, where deprivations of prison confinement amount to violations of constitutional guarantees, courts will exercise their right of judicial review. See Procunier v. Martinez, 416 U.S. 396, 404–405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). It is clear that confinement in a maximum security cell does not per se amount to a violation of cruel and unusual punishment. See Breeden v. Jackson, 457 F.2d 578 (4th Cir. 1972). In examining the deprivations complained of by an inmate as a result of this confinement, courts must balance "the legitimate rights of the prisoner [with] the necessary concern and responsibility of the prison authorities for security and order." Sweet v. South Carolina Department of Corrections, 529 F.2d 854, 860 (4th Cir. 1975).

In the instant case, Cell Block Number Two contains one hundred and eight cells, housing approximately one hundred and sixty-seven (167) inmates, ninety-seven (97) of which were in protective custody at the time of Crowe's complaint. In their answer, respondents stated that the cells in Cell Block Two are approximately ten feet long and seven feet wide. They conceded that overcrowded conditions exist at the institution because of a large influx of new

prisoners but claim that attempts are being made to alleviate this problem. Crowe, in fact, has been approved for transfer to a new correctional institution upon completion of the prison's construction.

■ Crowe's complaint does not assert that while confined in Cell Block Number Two he was subjected to mental abuse or corporal punishment; was deprived of the basic implements of personal hygiene; was denied medical care or an opportunity to exercise; nor does he allege that his cell failed to meet certain reasonable sanitary standards. *See Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974); *LaReau v. MacDougall*, 473 F.2d 974, 977 (2d Cir. 1972), *cert. denied*, 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973). Rather the condition he complains of, while unpleasant, results from "the usual incidents of confinement in maximum security." *Breeden v. Jackson, supra* at 579.

■ From an examination of the record, the cramped cell conditions in Cell Block Number Two have not resulted from prison rules which can be characterized as "vindictive, cruel or inhuman." *Roberts v. Pegelow*, 313 F.2d 548, 550 (4th Cir. 1963). The placement of inmates who have sought protective custody classification and the number of inmates who may be safely assigned to a cell is a matter resting within the sound discretion of the prison administration. There is no indication that the overcrowding has resulted from an "arbitrary or capricious" exercise of judgment by prison officials. *See Breeden v. Jackson, supra*, at 581. Standing alone, Crowe's claim that, until transferred to a new facility now under construction, he is forced to sleep in an overcrowded cell is not a condition of confinement which shocks the conscience so as to fall within the constitutional prohibition against cruel and unusual punishment. *See Sweet v. South Carolina Department of Corrections, supra; White v. Sullivan*, 368 F.Supp. 292, 296 (S.D.Ala.1973).

Accordingly, the order of the district court is affirmed.

*AFFIRMED.*