825 F.2d 406
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lorenza BATTS, Plaintiff-Appellant,
v.
James G. MARTIN, Governor; Aaron Johnson; John G.
Patseavouras, Defendants-Appellees.
 No. 87-7554
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1987.
Decided July 27, 1987.
 
 Lorenza Batts, appellant pro se.
 Before PHILLIPS, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lorenza Batts, a North Carolina inmate, appeals the district court's decision dismissing his complaint as frivolous. Batts filed this 42 U.S.C. Sec. 1983 complaint alleging that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights. Batts contends that he was required to sleep on the top bunk of a triple bunk which was six feet from a concrete floor and sprained his left knee when he fell attempting to get down from the bunk. He asserts that the failure to provide adequate safety devices and the location of the bed constitute cruel and unusual punishment. The district court concluded that Batts was seeking relief for the negligent acts of the defendant and dismissed the action as frivolous. Batts noted his apeal.
 
 
 2
 Courts are given authority to dismiss an action a frivolous under 28 U.S.C. Sec. 1915. An action will be deemed frivolous if the court is able to 'find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief.' Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir. 1979) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The district court properly dismissed Batts's complaint as frivolous.
 
 
 3
 To determine if conditions constitute cruel and unusual puinishment it is necessary to balance the 'legitimate rights of the prisoner and the necessary concern and responsibility of the prison authorities for security and order.' Sweet v. South Carolina Department of Corrections, 529 F.2d 854, 860 (4th Cir. 1975). Double or triple celling of an inmate does not in and of itself constitute cruel and unusual punishment. Hite v. Leek, 564 F.2d 670 (4th Cir. 1977); Crowe v. Leeke, 540 F.2d 740 (4th Cir. 1976). Nor can we find on the facts alleged by Batts that the prison's use of triple bunks rises to a level of a constitutional violation. Although Batts's complaints about the design and location of the bunks could give rise to a negligence claim, they do not provide a basis for relief under Sec. 1983. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.