852 F.2d 569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George TOLBERT, Plaintiff-Appellant,
v.
Richard P. SEITER, T.L. Morris, G.D. Alexander, Dr. John
Vermeulen, Dr. William Aldridge, Dr. Ted Strickland, Sandy
Zimmerman, Rehia Gordley (87-3537); Captain Blair, Lt. E.P.
Keller, Sgt. William C. May, c/o Kiser, c/o Robert L.
Williams, c/o Blankenship, c/o Holland in their individual
and official capacities (87-3695); Roger T. Overberg, T.L.
Morris, G.D. Alexander, Captain Blair, Sandy Zimmerman, John
Doe (87-3854), Defendants-Appellees.
 Nos. 87-3537, 87-3695 and 87-3854.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this action, plaintiff George Tolbert, an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio, appeals the district court's judgments dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Upon consideration, we hold that Tolbert's complaint was properly dismissed; therefore we affirm the district court's judgments.
 
 I.
 
 2
 The facts pertaining to each of the judgments are as follows:
 
 
 3
 Tolbert v. Seiter, et al.
 
 
 4
 On May 5, 1987, Tolbert filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the United States District Court for the Southern District of Ohio. The named defendants were Richard Seiter, the Director of the Ohio Department of Rehabilitation and Correction; T.L. Morris, the Superintendent at the SOCF; G.D. Alexander, formerly the Deputy Superintendent of Treatment at SOCF; Dr. John Vermeulen, a psychiatrist at SOCF; Dr. William Aldridge, formerly a psychiatrist at SOCF; Dr. Ted Strickland, a psychologist at SOCF; Sandy Zimmerman, the Administrator of the Forensic Psychiatry Department ("FPD") at SOCF; and Rehia Gordley, a registered nurse at SOCF.
 
 
 5
 On July 17, 1986, defendant Alexander recommended that Tolbert be transferred from Administrative Control ("AC") to a cell under the supervision of the FPD. From July 17 to September 9, 1986, Tolbert was interviewed, evaluated, and examined by defendants Vermeulen, Aldridge, Strickland, Zimmerman, and Gordley. These defendants were members of the FPD and their interviews with Tolbert were incorporated into a Certificate of Examination which defendant Morris attached to an affidavit which he filed on September 8, 1986, in the Scioto County Probate Court, Portsmouth, Ohio. The affidavit alleged that Tolbert was mentally ill and in need of hospitalization.
 
 
 6
 On September 9, 1986, Tolbert was transferred without notice or a hearing from SOCF to the custody of the Ohio Department of Mental Health at the Oakwood Forensic Center, ("OFC"). He was transferred because the Probate Court found that he was mentally ill, and ordered him to be hospitalized or institutionalized.
 
 
 7
 For reasons that are not clear, on September 12, 1986, defendant Morris also filed an affidavit in the Allen County Probate Court, Lima, Ohio, alleging that Tolbert was mentally ill. And on October 6, 1986, the Allen County Probate Court conducted a hearing in which it also found that Tolbert was mentally ill.
 
 
 8
 On October 17, 1986, after six (6) weeks of hospitalization and treatment, the Allen County Probate Court conducted another hearing in which Tolbert was found not to be mentally ill. Thereafter, on October 23, 1986, he was transferred from OFC to the FPD at SOCF where he remained until January 9, 1987.
 
 
 9
 Tolbert alleged the following with regard to the Ohio Department of Mental Health employees:
 
 
 10
 (3) ... Plaintiff ... talked to or was interviewed, evaluated, or examined by Dr. John Vermeulen, Psychiatrist; Dr. William Aldridge, Psychiatrist; Dr. Ted Strickland, Psychologist; Ms. Sandy Zimmerman, D2 Program Director; and Ms. Reba Gordley, D2 caseworker....
 
 
 11
 (4) Defendants owed Plaintiff a duty of effective evaluation and/or accurate examination; ....
 
 
 12
 (5) Defendants breached that duty by: A) erroneously concluding that Plaintiff was mentally ill; B) and/or improperly certifying plaintiff as mentally ill; C) using unreliable information in determining that Plaintiff was mentally ill and/or in need of hospitalization.
 
 
 13
 Complaint at 2. Tolbert concluded that these actions caused him to suffer severe emotional distress and violated his rights to due process, equal protection and the fourteenth amendment of the United States Constitution.
 
 
 14
 On May 5, 1987, an order dismissing the case was filed by Carl Rubin, Chief Judge, United States District Court. Said order was based upon the finding that Tolbert's complaint failed to give rise to a constitutional violation cognizable in federal court. On June 3, 1987, Tolbert timely filed his notice of appeal.
 
 
 15
 Tolbert v. Overberg, et al.
 
 
 16
 On May 6, 1987, Tolbert filed a complaint pursuant to 42 U.S.C. Sec. 1983 against defendant Roger Overberg, the Chief of Classification and Reception of the Ohio Department of Rehabilitation and Correction; defendant T.L. Morris, the Superintendent of SOCF; defendant Captain Blair, the former Chairman of the Reclassification Committee and Chairman of the Rules Infraction Board ("RIB") and the current Director of Inmate Personnel at SOCF; defendant Sandy Zimmerman, a member of the Reclassification Committee at the SOCF; and defendant John Doe, a member of the Reclassification Committee at the SOCF.
 
 
 17
 The events giving rise to this complaint are as follows:
 
 
 18
 Prior to July, 1986, Tolbert was housed in Administrative Control ("AC") at SOCF. On July 16, 1986, he was moved out of AC to cellblock D-2 (this cellblock houses inmates being treated by the Psychiatry Department at SOCF). On November 6, 1986, Tolbert appeared before the Reclassification Committee chaired by Blair and was assigned to General Population ("GP"). Tolbert, however, refused to move out of D-2. On January 6, 1987, he again appeared before the Reclassification Committee and was assigned to GP. On January 9, 1987, Tolbert again refused to go to GP and was placed in Security Control. On January 13, 1987, Tolbert appeared before the Rules Infraction Board ("RIB") for refusing to go to GP and was assigned to Local Control ("LC").
 
 
 19
 On May 6, 1987, the district court sua sponte dismissed this case and entered judgment for the defendants. On June 1, 1987, Tolbert timely filed his notice of appeal.
 
 
 20
 Tolbert v. Blair, et al.
 
 
 21
 Also on May 6, 1987, Tolbert filed a complaint pursuant to 42 U.S.C. Sec. 1983 against defendant Blair, a captain and former Chairman of the RIB at SOCF; defendant McAllister, a Sergeant and member of the RIB at SOCF; defendant Hannah, a member of the Education Department and RIB at SOCF; defendant Kelley, a Lieutenant and Administrator of LC at SOCF; defendant William May, Sergeant at the SOCF; and defendants Kiser, Williams, Blankenship, and Holland, Correction Officers at the SOCF.
 
 
 22
 The events giving rise to this action are as follows. On January 13, 1987, Tolbert appeared before the RIB for violating institutional rules and was assigned to LC Tolbert was not given a RIB disciplinary appeal form at or following the RIB hearing.
 
 
 23
 On January 16, 1987, he again appeared before the RIB Following the hearing, defendants Kelley and Kiser placed him in cell K2-45. Once Tolbert was in the cell, defendant Kelley electronically closed the door. On January 17, 1987, at 8:30 a.m., the cell door was opened and another inmate entered Tolbert's cell. Before the cell door could close, Tolbert escaped onto the range and told defendant May that he would not be forced back into his cell and that he would throw the contents of a mop bucket upon defendants May, Blankenship, and Holland if they attempted to force him back into his cell. Defendants approached Tolbert, and one, defendant May, sprayed mace in Tolbert's face. Tolbert then threw the water from the mop bucket on the defendants. After this, defendants threw Tolbert on the floor and defendant Blankenship kneed him in the ribs. As they escorted Tolbert off the range, one defendant kicked him in the buttocks and Blankenship punched him in the ribs.
 
 
 24
 On May 6, 1987, the district court sua sponte dismissed this case and entered judgment for defendants. On June 19, 1987, Tolbert timely filed his notice of appeal. Tolbert sued for damages and injunctive relief.
 
 II.
 
 25
 As is evident from the facts, there are three district court judgments from which Tolbert appeals. In each case, the fundamental question on appeal is whether Tolbert suffered any constitutional violation. After evaluating this issue of law, over which our review is plenary, we conclude that no such injury occurred. Thus, for the following reasons, we affirm each district court judgment.
 
 87-3537, Tolbert v. Seiter, et al
 
 26
 Tolbert brought this action against the director of the prison and members of the medical staff for monetary and punitive damages. Tolbert alleges that on the basis of an improper diagnosis by the prison medical staff that he was considered mentally ill was committed to OFC on September 9, 1986. On September 12, 1986, he was adjudged mentally ill by the Probate Court and involuntarily committed to the facility on the basis of affidavits filed by the defendants. On October 17, 1986, the Probate Court found Tolbert competent and released him to prison officials.
 
 
 27
 On appeal, Tolbert alleges that his due process rights were violated by his commitment and that he has suffered extreme emotional distress as a result of the defendants' incorrect assessment of his mental status and problems.
 
 
 28
 Although we agree with Tolbert that his confinement was an unfortunate mishap, in our view Tolbert has failed to allege facts which denote a violation of his due process rights. Tolbert's claim fails to give rise to a constitutional violation where deliberate indifference to an obvious medical need is present. Estelle v. Gamble, 429 U.S. 97 (1976). Rather, as the district court found, Tolbert's cause of action must be premised upon a theory of medical malpractice and he must pursue that claim in the state courts. Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976). Since Tolbert has failed to allege any facts which would entitle him to relief, Malone v. Colyer, 710 F.2d 258 (6th Cir.1983), his complaint was correctly dismissed by the district court as frivolous within the meaning of 28 U.S.C. Sec. 1915(d).
 
 87-3854, Tolbert v. Overberg, et al
 
 29
 Tolbert brought this action against numerous prison officials seeking placement in a segregated prison block and monetary as well as punitive damages. Tolbert alleges that he sought some type of protective custody which was granted by prison officials in 1981. The present dispute arose because the officials decided to return Tolbert to the general prison population. Upon receiving word of his reclassification, Tolbert refused to comply with this order and was therefore disciplined by receiving placement in restrictive custody.
 
 
 30
 Insofar as Tolbert's action was based upon the defendant's decision to deny him his desired placement, the assignment of roommates and placement of prisoners within the prison is a matter of internal prison security and, thus, a matter within the discretion of prison officials. Crowe v. Leek, 540 F.2d 740 (4th Cir.1976).
 
 
 31
 Insofar as Tolbert's contesting of the disciplinary sanctions imposed upon him by prison officials, he has failed to allege that his rights of due process were in any way violated. See Hewitt v. Helms, 459 U.S. 460 (1983); Wolf v. McDonnell, 418 U.S. 539 (1976). Prison officials have the duty to maintain discipline among inmates and to that end may impose reasonable sanctions as punishment. Campise v. Hamilton, 382 F.Supp. 172 (D.C.Tex.1974).
 
 
 32
 Therefore, the district court correctly found that Tolbert has failed to allege any facts which demonstrate a constitutional violation cognizable under 42 U.S.C. Sec. 1983. Thus, the dismissal was proper.
 
 87-3695, Tolbert v. Blair
 
 33
 Lastly, Tolbert brought suit against numerous prison officials and guards seeking declaratory relief as well as punitive and compensatory damages. He alleged that his constitutional rights were violated by the RIB's assignment of him to a double cell. It has been decided that double celling does not give rise to a constitutional violation where other prison conditions are adequate. Rhodes v. Chapman, 452 U.S. 337 (1981). Therefore, Tolbert had no right to contest this assignment. Tolbert, however, refused prison officials' orders to go to the cell and had to be physically removed. In retaliation, Tolbert threw a bucket of water on the defendant guards who then maced him and kneed him in his ribs. On these facts he alleges his constitutional rights have been violated.
 
 
 34
 Though prison violence by guards is disturbing, it seems as though some guard response was necessary to secure Tolbert. In fact, upon review of Tolbert's complaint it seems that Tolbert has alleged facts which demonstrate that the defendants were justified in taking the actions they did when dealing with the violent behavior exhibited by Tolbert. See Franklin v. Aycock, 795 F.2d 1253 (6th Cir.1986). Thus, the district court's dismissal seems proper.
 
 
 35
 Therefore, for all of the foregoing reasons, the district court's opinions are hereby AFFIRMED.