955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael SINDRAM, Plaintiff-Appellant,
v.
Samuel F. SAXTON; Prince George's County, Maryland,
Defendants-Appellees.
Michael SINDRAM, Plaintiff-Appellant,
v.
Samuel F. SAXTON; Prince George's County, Maryland,
Defendants-Appellees.
 Nos. 91-7626, 91-7638.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Feb. 21, 1992.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-91-43-S)
 Michael Sindram, appellant pro se.
 Michael Owen Connaughton, Michael Patrick Whalen, County Attorney's Office, Steven Eric Schenker, Prince George's County Office of Law, Upper Malboro, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Sindram, a Maryland prisoner, brought this 42 U.S.C. § 1983 (1988) action against Prince George's County and the director of the Prince George's County Detention Center alleging various prison condition claims arising from his three-month pretrial stay at the center, including overcrowding and lack of space or time for group religious services.* Sindram did not establish any relationship between the named Defendants and the conduct of which he complained. Rather, he claimed that because the named Defendants were responsible for the center, they were liable for anything that happened to him while he was there. The district court found that Sindram's failure to allege personal involvement by the named Defendants was fatal to his claim, and granted summary judgment in favor of the Defendants. Sindram appealed that order in No. 91-7626. We affirm, though on slightly different reasoning than that of the district court. Sindram also appealed the district court's denial of his post-judgment Motion to Compel Discovery in No. 91-7638. We affirm that order.
 
 
 2
 As the district court correctly held, absent an official policy or custom the director of the detention center cannot be held liable; a respondeat superior theory may not be applied to 42 U.S.C. § 1983 actions. Monell v. Department of Social Servs., 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). Sindram did not allege that Saxton propounded any official policy which caused the conditions of which he complained, nor did he allege any personal involvement of Saxton in those conditions. Rather, he claimed that because Saxton was in charge, he should be liable. Under Monell and Vinnedge, Saxton may not be held liable on this basis. The majority of Sindram's claims against Saxton were thus properly dismissed.
 
 
 3
 The county does not have Eleventh Amendment immunity. Monell, supra. However, the county may only be held liable if there is a policy or custom known by policy makers and there is an intentional or deliberately indifferent failure to correct the situation. Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987), cert. denied, 484 U.S. 1027 (1988). In its motion to dismiss, the county cited official policy statements allowing inmates to practice their religion and compelling detention center employees to refrain from using excessive force. Sindram failed to show an official policy or custom relating to any of his claims. Therefore, the county may not be held liable for the alleged denial of Sindram's rights, including the right to practice religion or to be free from the excessive use of force.
 
 
 4
 Two of Sindram's claims might fairly be attributed to one or both of the named Defendants due to their own actions and not under a respondeat superior theory. The first of these claims is that of overcrowding in the detention center. However, Sindram failed to allege that he was placed in an overcrowded cell, or that he suffered any harm from the alleged overcrowding. In Crowe v. Leeke, 540 F.2d 740 (4th Cir.1976), this Court held that confining three inmates to a seventy-square-foot cell on a temporary basis did not "shock the conscience" so as to be constitutionally inadequate. See Rhodes v. Chapman, 452 U.S. 337 (1981) (double celling of inmates not unconstitutional). This claim is without merit due to the short duration of Sindram's stay in the detention center. Bell v. Wolfish, 441 U.S. 520, 535 (1979) (short duration of confinement as pretrial detainee may be considered in evaluating claim).
 
 
 5
 The second claim which might be fairly attributed to Defendant Saxton is the failure to provide a place for religious worship. Inmates, and by extension detainees, have a right to practice religion. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). However, the right to practice group religious worship may be restricted in some instances. O'Lone, supra (inmates on outdoor work detail need not be allowed to return to prison for religious services); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854 (4th Cir.1975) (inmates in protective custody need not be permitted to attend group religious services). Further, a "special chapel or place of worship need not be provided for every faith regardless of size." Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972). In this case, Sindram's allegation is merely that no space or time for group religious worship was provided, contrary to the county's express policy in that regard. He did not claim that he was not allowed to talk to a clergyperson or to receive religious materials. He did not allege that he asked for group religious worship and that his request was denied; he further did not state who denied his request, if one was made.
 
 
 6
 The right to practice religion is "entitled to a 'preferred' position in the catalogue of constitutional rights." Sweet, 529 F.2d at 863 (citation omitted). However, absent an allegation that Sindram actually requested religious services and was turned down, summary judgment in this case was proper. See, e.g., Childs v. Duckworth, 705 F.2d 915 (7th Cir.1983) (request to attend religious service may be denied when only one prisoner requests services for particular religion and request is not accompanied with sufficient supporting information); Garza v. Miller, 688 F.2d 480, 486-87 (7th Cir.1982) (provision of religious services only upon request to small number of inmates of particular faith did not violate First Amendment), cert. denied, 459 U.S. 1150 (1983). Further, to the extent that Sindram asked to attend religious services, only the prison official who denied his request could be liable for the denial, and there is no evidence that either of the named Defendants denied such a request.
 
 
 7
 We affirm the dismissal of Sindram's other claims on the reasoning of the district court in No. 91-7638. We affirm the district court's denial of Sindram's post-judgment Motion to Compel Discovery, which was appealed in No. 91-7638. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Sindram's other claims included unspecified incidents of excessive use of force, depletion of his inmate account without adequate documentation, illegal arrest, and lack of opportunity to post bond. He failed to show any involvement of the named Defendants in these claims