880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold Lee LAWSON, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; J.S. Daniel; Frank M. Fly; Jeffrey
Henry; Mark Goad, Defendants-Appellees.
 No. 88-6397.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, Harold Lee Lawson alleged that defendants, the state of Tennessee, a state court judge, and three attorneys who represented him in criminal proceedings, denied him due process and equal protection. Lawson sought one million dollars in damages, possession of a "legal file," refund of a fee paid to one of the three attorneys, and a new trial on the criminal charges.
 
 
 4
 The case was referred to a magistrate who recommended that the complaint should be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). Upon de novo review in light of Lawson's objections, the district court adopted the magistrate's recommendation and dismissed the complaint. On appeal, Lawson asserts that under the standard of review set out in Malone v. Colyer, 710 F.2d 258 (6th Cir.1983), his complaint should not have been dismissed as frivolous.
 
 
 5
 Upon review we conclude that, contrary to Lawson's assertions, the complaint was properly dismissed under 28 U.S.C. Sec. 1915(d). A complaint may be dismissed as frivolous if the plaintiff cannot make any rational argument in law or fact that he is entitled to relief. See Neitzke v. Williams, 109 S.Ct. 1827 (1989).
 
 
 6
 The complaint is frivolous because Lawson failed to make a rational argument that he is entitled to relief under 42 U.S.C. Sec. 1983. Claims against the attorneys fail because former defense counsel are not state actors within the meaning of 42 U.S.C. Sec. 1983. See Polk County v. Dodson, 454 U.S. 312, 317 (1981). Vague allegations of collusion between the defendants are insufficient to state a claim against the attorneys. Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 The claims against the judge fail because the judge was acting within the scope of his jurisdiction when he denied Lawson's motion for production of the file. See Stump v. Sparkman, 435 U.S. 349, 364 (1978). To the extent Lawson seeks a new trial on the criminal charges, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Finally, additional claims for relief introduced in the objections to the magistrate's report are meritless.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation