887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin David STEPHENSON, Plaintiff-Appellant,
v.
Mason BLACK, (89-5819) Defendant-Appellee,
and
Charles D. Haston, (89-5820) Defendant-Appellee,
and
Emmit Bear; Kenneth Pack, (89-5821) Defendants-Appellees.
 Nos. 89-5819 to 89-5821.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee plaintiff has filed motions for appointment of counsel in these related appeals. Plaintiff appeals the district court's orders dismissing the three underlying complaints as frivolous under 28 U.S.C. Sec. 1915(d). The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In complaints filed pursuant to 42 U.S.C. Sec. 1986, Martin Stephenson alleged that defendants "had knowledge of 1985 conspiracy, power to prevent, [and] failed to do so." He essentially complained that he was transferred from the Warren County (Tennessee) jail to the DeKalb County jail in retaliation for his complaints about conditions at the Warren County facility. Stephenson requested injunctive relief, unspecified damages and costs.
 
 
 3
 The district court determined that Stephenson failed to allege racial or class-based discrimination as required by 42 U.S.C. Sec. 1985(3) and dismissed the complaints as frivolous under 28 U.S.C. Sec. 1915(d). The district court applied the standard of Malone v. Colyer, 710 F.2d 258 (6th Cir.1983) (failure to state a claim for which relief can be granted).
 
 
 4
 Upon review, we conclude that Stephenson's complaints are not frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827 (1989). A complaint may not be frivolous even though it may otherwise be subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). 109 S.Ct. at 1831. Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist; claims which lack an arguable basis in fact include claims describing fantastic or delusional scenarios. 109 S.Ct. at 1833.
 
 
 5
 Stephenson's claims under 42 U.S.C. Secs. 1985(3) and 1986 are not frivolous within the meaning of 28 U.S.C. Sec. 1915(d) even though apparently lacking essential statutory elements. Although Stephenson did not allege an "invidiously discriminatory animus" in his complaint, see Griffin v. Breckenridge, 403 U.S. 88, 105 (1977); Guillory v. St. Landry Parish Police Jury, 802 F.2d 822, 825 (5th Cir.1986), cert. denied, 107 S.Ct. 3190 (1987), if given an opportunity to cure the defect, he may yet do so.
 
 
 6
 Moreover, when the complaint is construed liberally, see Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), Stephenson asserts a possible claim under 42 U.S.C. Sec. 1983. Stephenson's claim of a retaliatory transfer is not frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Although Stephenson has no protected interest in placement in a particular institution, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983), he does have a protected right to complain about the conditions of the jail. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). His allegation that he was transferred in retaliation for exercising a first amendment right is thus sufficient to survive sua sponte dismissal, see Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam); his claim is not legally baseless.
 
 
 7
 Accordingly, the motions for appointment of counsel are denied. The orders of dismissal are hereby vacated and the cases remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.