894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee RILEY, Plaintiff-Appellant,
v.
Chris DANIELS, Defendant-Appellee.
 No. 89-1710.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jimmie Lee Riley, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Riley sued the defendant in his individual and official capacity raising constitutional claims for violation of his first and fourteenth amendment rights. Riley claimed that the defendant deprived him of his constitutional right to render legal assistance to another inmate and wrongfully transferred him to the Charles Egeler Facility in retaliation for filing a grievance against the defendant.
 
 
 3
 The district court sua sponte dismissed Riley's complaint in accordance with 28 U.S.C. Sec. 1915(d) and Malone v. Colyer, 710 F.2d 258, 260-61 (6th Cir.1983) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 4
 Upon review, we affirm the judgment as to Riley's due process claim, but vacate the judgment in part and remand the case for further proceedings as to Riley's claim of a retaliatory transfer. We note, however, that the standard for "frivolousness" was set forth in Neitzke v. Williams, 109 S.Ct. 1827 (1989). Under Neitzke, a case may be dismissed as frivolous only if it is baseless in law or fact; utterly lacking a legal or factual foundation. Id. at 1831.
 
 
 5
 Riley's due process claim is based on a meritless legal theory. Riley's claim that he has a constitutionally-protected liberty interest in assisting other inmates in legal matters cannot form a basis for a cause of action under 42 U.S.C. Sec. 1983. The Michigan Department of Corrections' Policy Directives lack the requisite relevant mandatory language indicating a constitutionally-protected liberty interest in assisting other inmates in legal matters. Cf. Newsom v. Norris, 888 F.2d 371 (6th Cir.1989).
 
 
 6
 However, when the complaint is construed liberally, see Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), Riley does assert a plausible claim under 42 U.S.C. Sec. 1983. Riley's claim of a retaliatory transfer is not frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Although Riley has no protected interest in placement in a particular institution, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983), he may state a claim under 42 U.S.C. Sec. 1983 if the decision to transfer him was made by reason of his exercise of constitutionally-protected first amendment rights. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). His allegation that he was transferred in retaliation for exercising a first amendment right is thus sufficient to survive sua sponte dismissal, see Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam); his claim does not lack an arguable basis either in law or in fact.
 
 
 7
 Accordingly, Riley's request for appointment of counsel is denied. The district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), and is hereby vacated and the case remanded in part pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.